# Briggs *v.* Coleman.

## *Action on Official Bond of County Treasurer.*

1. *Witness certificates ; presentation of, to commissioners' court.* — It is not necessary that the certificate of a witness for the State in a criminal case should be presented to the commissioners' court for allowance, since it is not a claim against the county, but is, except in particular cases, a primary charge on the fine and forfeiture fund of the county.

2. *When action lies on official bond of county treasurer.* — The failure of a county treasurer to pay the certificate of a state witness, when it is a charge on the fine and forfeiture fund of the county, and he has proper funds with which to pay it, is a breach of the condition of his official bond, for which an action lies.

APPEAL from the Circuit Court of Greene.

The record does not show the name of the presiding judge.

This action was brought by Samuel G. Briggs against Charles Coleman, county treasurer of said county of Greene,

[Briggs *v.* Coleman.]

for an alleged breach of the condition of his official bond. The complaint set out the condition of the bond, and alleged the following breach thereof: "He has failed to pay plaintiff, out of the fines and forfeitures in the county treasury of said county, the sum of $216.95, due plaintiff in witness certificates, which had the circuit clerk's certificates that they were good claims against the said county, which were registered by preceding county treasurers; which *was* brought to the notice of said Coleman in December, 1871, and which certificates were, in December, 1871, presented to said Coleman for payment; and he has failed and refused to pay the same to the present time. Plaintiff avers, that more than said sum of $216.95 has been paid out by said Coleman as county treasurer, subsequent to said December, 1871; which said payment was contrary to law, and to the injury of plaintiff to said amount. Said sum claimed is the property of the plaintiff."

The complaint contained a second count, in these words: "The plaintiff further claims of the defendant the aggregate sum of $216.95, due in detail, in the sums, and at the dates set forth, as follows," specifying them, "by account stated between the parties to the same; said sums being due state witnesses in state cases pending in the circuit court of Greene, or transferred on change of venue from said court; being cases in which the defendants were not convicted, and the costs were not imposed on the prosecutor; or where costs were imposed on the defendant or the prosecutor, and an execution therefor was returned 'No property found;' or where no indictment was found by the grand jury before whom the said witnesses appeared; which facts appear on each of said respective claims, by the clerk's certificate thereto. Each of said claims is the property of the plaintiff, and said sums are due and unpaid. Plaintiff avers, that said sums respectively were duly registered in the office of the county treasurer of said county, by the preceding treasurer; and that such registration was brought to the knowledge of the defendant in December, 1871; and that said defendant has paid other claims, as against and out of said fine and forfeiture fund, which have been registered since he registered and demanded payment of the amounts due him respectively out of said fund; and that there has been in the hands of the said defendant, of the said fine and forfeiture fund, enough to pay his said claims; and that he has wholly failed to pay said claims; to the plaintiff's injury as aforesaid."

The court sustained a demurrer to each count of the complaint, because there was no averment that the claims had been audited and allowed by the commissioners' court; and the judgment on the demurrer is now assigned as error.

[Knapp's Executor v. Kingsbury.]

CRAWFORD & MOBLEY, for appellant.

MORGAN & JOLLEY, with W. COLEMAN, *contra.*

B. F. SAFFOLD, J. — The claims which must be audited by the court of county commissioners, and are barred if not presented within twelve months after the time they accrue, or become payable, are claims against the county. R. C. §§ 907, 909. The certificates of state witnesses are not such. When not payable by the defendant in the suit in which the witnesses are called, or some other person, they are made a primary charge on the fine and forfeiture fund of the county. R. C. §§ 4222, 4438. It is, therefore, not necessary that they should be presented to the commissioners' court for allowance.

2. The county treasurer commits a breach of his official bond, when, having proper funds in his hands, he refuses to pay a claim which is entitled to payment. He therefore may, in such case, be sued on his bond. The court erred in sustaining the demurrer to the complaint.

The judgment is reversed, and the cause remanded.