Reid, *et al.* v. Jackson.

REID, *et al.* v. JACKSON.

1. On a proceeding against a sheriff, under the third section of the act of 1826, entitled "an act, the better to secure money in the hands of clerks, sheriffs, and coroners," for failing to make the money on an execution, in consequence of the want of due diligence, it is not necessary that his sureties should have notice, in order to subject them to a judgment.

THE defendant in error showed to the Circuit Court of Montgomery, that a writ of *fieri facias* had been theretofore issued, by the clerk of that court, at the suit of the defendant, against James Harrison, for the sum of sixty dollars damages, and twelve dollars costs; that the same was placed in the hands of John W. T. Reid, on the 26th day of March, 1839, who then was, and still is the sheriff of Montgomery county; and that Reid has failed and refused to make the money required by the mandate of the *fi. fa.* Thereupon, the defendant in error, suggested to the court, that Reid, as sheriff, could have made the money on the execution, while in his hands, by the use of due diligence. The defendant in error, further showed to the court, that Peter C. Harris, Joseph Fitzpatrick, William Graham, Nimrod E. Benson, and William Moulton, were on the 26th day of March, 1839, and still are, the securities of Reid, as the sheriff of Montgomery. It also appears that Reid had due notice of the proceeding against himself, and his securities, and that an issue was then made up, and submitted to the jury, who returned a verdict in favor of the defendant in error; whereupon, the court rendered a judgment against Reid, and his securities, accordingly.

GOLDTHWAITE, for the plaintiff.
DARGAN, for the defendant.

Reid, *et al.* v. Jackson.

COLLIER, C. J.—This case comes here by writ of error, and the only question raised is, was the Circuit Court authorized to render a judgment against the securities, without causing them to be first advised, by notice, that the suggestion was made.

This proceeding is founded upon the third section of an act, passed in 1826, entitled "an act, the better to secure money, in the hands of clerks, sheriffs, and coroners." (Aik. Dig. 175.) So much of which, as it is necessary to recite, is as follows: "Whenever any sheriff or coroner, to whom an execution shall have been delivered, shall fail to make the money, on or before the first day of the term of the court, to which said execution shall be returnable, and the plaintiff or plaintiffs, his, her or their attorney, shall suggest to the court, that the money could have been made by said sheriff or coroner, with due diligence, it shall be the duty of the court, forthwith to cause an issue to be made up, to try the fact; and if it shall be found by the jury, that the money could have been made by the sheriff or coroner, with due diligence, judgment shall be rendered against said sheriff or coroner, and his securities, or any, or either of them, for the sum of money specified in said execution, together with ten *per centum* on the amount of said execution, as damages, and also the costs of suit."

It is not required, in express terms, that the sheriff should have notice of the suggestion; but the implication is conclusive. The court is required to "cause an issue to be made up," to try the truth of the suggestion, not to make up an issue: hence, it would seem to follow, that it must be made up by the parties to the suggestion. The parties are the plaintiff in the execution, and the officer charged with its collection, who, that he may gainsay the grounds of the motion against him, must be informed of its pendency. It is not intended to intimate, that the court cannot dictate the terms of an issue, so that the suggestion may be disposed of as justice requires, either where the parties themselves cannot agree, or the party moved against, does not appear upon notice.

Reid, *et al.* v. Jackson.

The first section of the act cited, requires a notice to be given to a clerk, sheriff, or coroner, where it is proposed to move against either of these officers, for the failure or refusal "to pay over any money collected or received by him;" and upon the failure or refusal, as alleged in the motion, the court is authorized to render a judgment, not only against the officer, but his securities also. In respect to this section, it has been decided, that a notice to a sheriff, authorizes a judgment against him and his secureties, or either of them. (Broughton, *et al.* v. The Bank of Alabama; 6 Porter's Rep. 48.) Now, as under the first section, which *expressly* requires a notice to the sheriff, it is not necessary to bring his securities before the court, by a notice, in order to subject them to a judgment; so, neither under the third section, which merely requires a notice to the sheriff, by *implication*, can any thing more be necessary to entitle a plaintiff to a judgment against his secureties, than to make out the truth of the suggestion. A different conclusion, it is believed, would not harmonize with the previous decisions of this Court. (McWhorter, *et al.* v. Marr; Ala. Rep. 376: Neal, *et al.* v. Caldwell; 3 Stewt. Rep. 134: Kirkman v. Harkins, 1 Porter's Rep. 22.)

The consequence is, that the judgment of the Circuit Court is affirmed.

GOLDTHWAITE, J.—Not sitting.