## ARTHUR ET AL. vs. THE STATE.

1. In all summary proceedings by motion, the judgment, whether by default or otherwise, must show affirmatively every fact necessary to give the court jurisdiction; and when the statute requires a certain notice to be given, the record must show that notice was given for the time, and in the manner required.

2. But when the statute, under which the proceedings are had, does not, in terms, require notice to be given for a certain number of days, or is silent in respect to notice, it will be sufficient, if the judgment entry shows that due or reasonable notice was given to the defendant.

ERROR to the Circuit Court of Barbour.

The record does not show the name of the presiding judge.

The proceeding in the court below arose on a suggestion, made by the Attorney General in behalf of the State of Alabama, that Arthur, late sheriff of Dale county, had failed to make the money on a certain *fi. fa.* which came to his hands in favor of the State of Alabama v. Archibald S. Justice, when by proper diligence it could have been made.

This suggestion was made at the Fall Term, 1848, of said Circuit Court, and was continued regularly from term to term until Spring Term, 1850, when the following proceedings and judgment were had, as appears by the entry in the record of that term.

"Came the plaintiff, and the defendant came not, but made default; and the plaintiff suggests to the court that, on the 17th day of November, 1846, a writ of execution issued from the Circuit Court of Barbour county in favor of the State of Alabama against Archibald S. Justice, for the sum of two hundred dollars, with interest from the 20th of October, 1845, besides $12$\frac{87}{100}$ costs of suit; that said writ of execution went into the hands of Joseph Arthur, late sheriff of Dale county, on the 9th day of January, 1847; that said Joseph Arthur has failed to make the amount of said execution; and that said money could, with due diligence, have been made by said Joseph Arthur, late sheriff as aforesaid;' and moves the court for an issue to try the facts; which motion being granted, thereupon came a jury of good and lawful men, to-wit: John W. Brown, foreman, and eleven others, who, upon their oath say, that on the 17th day of November, 1846, a writ of execution issued from the Circuit Court of Barbour county, in favor of the State of Alabama against Archibald S. Justice, for the sum of two hundred dollars, and $12$\frac{87}{100}$ cost of said suit, with interest from the 20th of October, 1845; that said writ of execution went into the hands of the said Joseph Arthur, on the 9th day of January, 1847, who then and from thence, at, until, and after the return day of said writ of execution, was sheriff of Dale county; that the said Joseph Arthur could, with due diligence, have made the amount of said execution. And thereupon, said plaintiff moves for judgment against the said Joseph Arthur, late sheriff as aforesaid, and against Thomas Arthur, Philip Arthur, Jesse Deen, Jas. Deen, R. W. Patterson, R. Martin, William C. Powell, J. R. Williams and Elijah Reynolds, who, it is proven to the court, were the securities of said Joseph Arthur on his official bond during the time that said execution was in the hands of said Joseph Arthur, and it being also shown to the court that said Joseph Arthur had due notice that said motion would be made: It is therefore considered by the court that the plain-

tiff recover of the said Joseph Arthur," (and his securities whose names are again set out) "the sum of two hundred and seventy-two $\frac{2}{100}$ dollars, the principal and interest of said execution, with the further sum of twelve $\frac{87}{100}$ dollars, cost of the original suit, and the sum of twenty dollars, being ten per cent. damages on the amount of said execution, and the costs of this suit."

The defendants below bring the case to this court, and assign for error the judgment of the Circuit Court.

A. MARTIN, for plaintiff in error:

The defendant was entitled to notice of the motion. Reed v. Jackson, 1 Ala. 208–9; Brown et al. v. Wheeler, 3 Ala. 289–90; Clay's Dig. 536, § 14.

The case of Kirkman v. Hawkins, 1 Porter 22, is overruled by the cases referred to above in regard to notice.

This notice must be a reasonable notice, dependent upon a variety of circumstances—such as the distance the parties might reside from the place of trial, and the time necessary to afford them an opportunity of providing for their defence.

The averment in the judgment, that it appeared to the satisfaction of the court that defendants had due notice of this motion, cannot be held to show they had such notice of the motion as they were entitled to; and in the absence of the statement of this fact, and of the appearance of defendants, the Circuit Court must be held to have acted without jurisdiction of the case. Reed v. Jackson, 1 Ala. 208–9; Logwood v. Bank of Huntsville, Minor's R. 25; Yancey v. Hawkins, ib. 172; Atwood v. Craig, 3 Stew. & Por. 21; Adams v. White, 2 Ala. 37; Hartley v. Bloodgood, 16 Ala. 238.

The notice sent up with the record not having been referred to, or in any manner made a part of the judgment, forms no part of the record, and cannot be looked to for any purpose. White v. Bank of Decatur, 1 Ala. 435; Curry v. Bank of Mobile, 8 Por. 372; 1 Ala. 549; Armstrong v. Robertson et al., 2 Ala. 164.

P. T. SAYRE, contra:

The record discloses the fact, that due notice was given to the sheriff; this, too, is set out in the judgment.

But if the fact of notice did not appear in the record, it would not be error. Kirkman v. Hawkins, 1 Por. 22.

LIGON, J.—The only point relied on in the argument by counsel for the plaintiffs in error, related to the notice given to Arthur, the sheriff, of the suggestion and motion against him in the court below. He insists that the judgment entry does not show such notice as will justify the judgment rendered, and that we cannot look to other parts of the transcript to aid it.

It is certainly true, that, in all summary proceedings by motion, the judgment, whether by default or otherwise, must show affirmatively every fact necessary to give the court this summary jurisdiction; and in judgments by default, the liability of the defendant must also be shown. Cary v. Bank of Mobile, 8 Por. 372; Yancey et al. v. Hawkins, Minor 171. It is also true, that, in cases in which the statute requires a certain notice to be given, the record must show that notice was given for the time and in the manner required. Atwood et al. v. Craig, 3 Stew. & Por. 21; Hartley v. Bloodgood, 16 Ala. 235.

But it is equally as clear, that, where the statute under which the proceeding is had does not, in terms, require notice to be given for a certain number of days, or is silent in respect to notice, it will be sufficient if the judgment entry shows that due or reasonable notice was given to the defendant. Brown v. Wheeler, 3 Ala. 287; Reed v. Jackson, 1 Ala. 207; Kirkman v. Hawkins, 1 Por. 22. In the last case cited, the first head-note may possibly mislead, and induce a belief that the two first are in conflict with it. But a careful examination of all the cases will show that there is harmony, and not conflict. Kirkman v. Hawkins decides, that the suggestion against the sheriff may be made without notice to him, but he must have reasonable notice of the motion for judgment founded on that suggestion. The cases of Brown v. Wheeler and Reed v. Jackson hold, that the party against whom the motion is made must have reasonable notice, and this must appear in the judgment entry, or the judgment will be erroneous.

The proceedings in this case were had under the act of

1826, (Clay's Dig. 218, § 85,) which does not, in terms, require any notice, either to the sheriff or his securities, of either the suggestion or motion; but we have held, that reasonable notice is necessary, and of the reasonableness of this notice the court before which the motion is made must judge. And if it appears in its judgment entry that due or sufficient notice had been given, the demands of the law will be satisfied. Such is the case here, and as the entry contained a recital of every other fact necessary to give the court jurisdiction, the judgment is regular.

Notice to the sheriff alone, in this proceeding, will justify a judgment against his sureties on his official bond, when it is made to appear, as it does here, that satisfactory evidence was produced to the court below of the fact of their suretyship.

There is no error in the record, and the judgment is consequently affirmed.