# Caldwell v. Guinn.

*Summary Motion against County Treasurer and Sureties.*

1. *Demurrer; rulings on; when not considered.*—Rulings upon demurrer, which are not shown otherwise than by recitals in the bill of exceptions, will not be revised on appeal.

2. *Summary judgment against county treasurer and sureties; when can not be supported.*—A summary judgment against a county treasurer and his sureties, for his failure, on demand, to pay an allowed claim, when he had sufficient funds, can not be supported, unless it affirmatively appears that the statutory notice was given to all who did not appear, and that the fact of suretyship, as to those not appearing or joining issue, was proved.

3. *Same.*—A county treasurer is not an officer of court, as to whom a motion entered on the docket is made by statute notice, not only to him, but to his sureties.

4. *Treasurer; what may be shown on proceedings against.*—In such a proceed-ing, the plaintiff, for the purpose of showing that the treasurer had sufficient funds to pay his claim, may prove that he paid a junior claim, and the treas-urer, in defense, may show that such claim was, by law, entitled to priority of payment. The fact that the time when such payment was made is not shown by his books, does not preclude the treasurer from proving it by other competent evidence.

APPEAL from Circuit Court of Randolph.

Tried before Hon. J. McCALEB WILEY.

Guinn, the appellee, entered a motion on the docket of the circuit court, against Caldwell, "treasurer of Randolph county, and his sureties on his official bond," who were named, for judgment against them "for the failure of the treasurer, on demand, to pay an allowed claim against the county, when there were funds in the treasury to pay the same—said claim No. 86, and registered 7th January, 1867, demand made 2d February, 1874, by James K. Guinn in person, with interest from demand, ten per cent. damages and costs."

Notice of the motion was served on the treasurer, and he alone appeared. He demurred to the petition, but the judgment thereon is shown only in the bill of exceptions.

On the trial, as shown by the bill of exceptions, the appel-

[Caldwell v. Guinn.]

lee, Guinn, after proving his claim and registration, and a a demand of payment, was permitted, against the objection and exception of appellant, to show that Caldwell had paid claims registered sometime after his. "The proof tended to show that on the night, or evening, on which Guinn made his demand, Caldwell received several hundred dollars. To show how he had disposed of said money, he proposed to show from his books that he paid out one hundred dollars in preferred allowed claims against the county. The books of the treasurer did not show when these payments were made, and, on objection of appellee, the court refused to allow them to go to the jury, and the defendant excepted; whereupon the defendant offered to prove when they were paid by the treasurer, but, on objection of the plaintiff, the court would not allow the proof to be made, and defendant excepted."

There was a verdict for the plaintiff, on which the court rendered judgment against Caldwell and his sureties.

The various rulings to which exception was reserved are now assigned as error.

HUDSON & GUNN, for appellant.—Appellant alone appeared and pleaded; there was no proof or appearance as to the sureties.—2 Ala. 74; 4 Ala. 214; 8 Ala. 584. Appellant was not an officer of court, within the meaning of the statute. The treasurer is not estopped from proving the payment of a claim, or its date, because he failed to enter it on his books.

Neither the record nor docket gives the name of counsel for appellee.

BRICKELL, C. J.—The demurrers to the motion are probably well taken, but we are not informed what action was had by the court on them, otherwise than by the recitals of the bill of exceptions. We must, under the authority of *Petty v. Dill*, 53 Ala., decline to revise the action of the court on the demurrers, as it is not shown by any entry of record of the judgment.

The statute authorizes a summary judgment, on motion, against a county treasurer and his securities, or any or either of them, having five days' notice, in favor of the party to whom an allowed claim against the county is payable, or his legal representatives or assigns, if the treasurer, having funds, on demand made, fails to pay the same.—R. C. § 930. The remedy thus provided is summary and statutory, and a party pursuing it, must conform the proceedings strictly to the statute, or they cannot be supported.

The terms of the statute are that judgment can be rendered only against the sureties on whom notice has been served. The judgment before us was rendered against several persons as sureties of the county treasurer, none of whom are shown to have had notice, or to have appeared. Indeed, the record shows the county treasurer alone appeared. When notice is essential to a summary proceeding of this character, the record must affirmatively show it, as required by the statute, as against all who do not appear.— *Arthur v. State*, 22 Ala. 61. Nor is it shown by the record these persons were sureties of the treasurer when the alleged default occurred, or at any other time. The judgment against them could not be sustained, if the record disclosed notice, unless it also disclosed their appearance, and a trial on issue, or it affirmatively appeared the fact of suretyship was proved to the court.—*McWhorter v. Marrs, Minor*, 376; *McRae v. Colclough*, 2 Ala. 74. A county treasurer is not an officer of court, as to whom a motion entered on the motion docket is made notice, not only to the officer, but his sureties.—R. C. § 3027. He is a county officer, not connected with the court, nor subject to its control, except by proceedings had in due course of law.

County claims are payable in the order in which they have been presented to, numbered, and registered by the county treasurer.—R. C. § 926. If the treasurer pays claims without the order of payment prescribed by the statute, he is guilty of an official default. It is competent for the holder of a senior claim, when prosecuting the summary remedy against him and his sureties, given by the statute, for a failure to pay, to show funds in the treasury which ought to have been applied to its payment, to prove the payment of junior claims by the treasurer. The treasurer may, in his defense, show the claims so paid were preferred claims, entitled by law to priority of payment, notwithstanding they were junior in registration. The fact that the time of such payment is not shown by the books of the treasurer, does not preclude him from proving it by other competent evidence.

For the error noticed, the judgment must be reversed, and the cause remanded.