[Warwick et al. v. Brooks.]

# Warwick *et al. v.* Brooks.

*Summary Proceeding against Sheriff and his Sureties, for his
Failure to Return Execution.*

1. *Summary judgment; what necessary to sustain.*—To sustain a summary judgment against a sheriff and his sureties, for his failure to return an execution (Code, §§ 3351-57), the record must affirmatively show that the plaintiff was entitled to pursue the statutory remedy, and that all the requisitions of the statute were complied with.

2. *Same; notice not part of record.*—The notice of motion, served on the defendants, is no part of the record, unless made so by order of the court, and can not be looked to for any purpose.

3. *Same; recitals of judgment as to issue and appearance.*—Where the judgment-entry, in such summary proceeding, recites that the plaintiff came by attorney, "and the defendants not being represented in court, and the presiding judge having been of counsel," the clerk selected an attorney of the court, to preside on the trial; "and issue being joined upon the plaintiff's motion for a judgment against the defendants, thereupon came a jury," &c.; *held,* that these inconsistent recitals did not authorize the inference that any of the defendants appeared and joined issue.

4. *Same; when judgment is by default.*—If the defendants do not appear, a judgment by default should be taken against them, and the judgment-entry should then show that every material averment of the motion was proved.

Appeal from the Circuit Court of Perry.

Tried before the Hon. John P. Tillman, an attorney of the court, selected by the clerk (Code, § 664), on account of the incompetency of the presiding judge.

The judgment in this case, from which the appeal is sued out, is in the following words: "*William M. Brooks v. J. F. Warwick,* and *Geo. W. Chambers, H. C. Bingham, J. M. N. B. Nix, Thos. W. Curry, James T. Dye, L. Clomger, J. C. Hendricks,* and *A. J. Street,* as securities on his official bond, as sheriff of Talladega county. This day came the plaintiff, by his attorney, and Hon. John Moore, the presiding judge, having been of counsel, is disqualified to try this cause; and the defendants not being represented in court, thereupon John P. Tillman, a practicing attorney in this court, learned in the law, was by the clerk of this court appointed and selected to preside on the trial thereof; and issue being joined upon the motion of the plaintiff for a judgment against the defendants, thereupon comes a jury," &c., "who, being duly impanelled and sworn, according to law, well and truly to try the issue joined,

[Warwick et al. v. Brooks.]

upon their oaths do say, 'We, the jury, find the issue in favor of the plaintiff, and assess the damages at the sum of seventy-two dollars.' It is therefore considered by the court, that the plaintiff recover of defendants the said sum of seventy-two dollars, the damages as assessed by the jury, together with the costs in this behalf expended; for which let execution issue." The transcript also contains the motion by which the proceeding was instituted, and the notice thereof served on some of the defendants, with a return of not found as to two of them, and an amended motion and notice. The judgment is now assigned as error, and several defects are particularly specified.

GEO. F. MOORE, for appellants.

STONE, J.—The present was a proceeding under the statute, instituted by motion, to obtain a judgment against the sheriff and his sureties, for failing to return an execution issued from the Circuit Court of Perry county. The remedy invoked is summary, and to sustain a judgment thus obtained, the record must disclose every fact necessary to entitle the party to such remedy, and that it has been pursued according to the statute.—2 Brick. Dig. 464, § 1. The defendants (appellants here) did not appear in the court below, and the cause proceeded to final judgment in their absence. In the absence of an issue joined, we have uniformly held that, unless the record affirmatively shows that every material step was taken to uphold the jurisdiction, a reversal is inevitable. Nothing is taken by intendment. The notice, copied in the transcript in this cause, can not be looked to, or considered, unless it had been made a part of the record by a proper order of the court. It is not, unless so made, any part of the record of the cause.—*Connoly v. A. & T. Railroad*, 29 Ala. 373; *Barclay v. Barclay*, 42 Ala. 345; *Arthur v. The State*, 22 Ala. 61; *Curry v. Bank*, 8 Porter, 360; *Reid v. Jackson*, 1 Ala. 207; *Brown v. Wheeler*, 3 Ala. 287.

The judgment-entry in this cause contains inconsistent and repugnant recitals. It recites, "This day comes the plaintiff by his attorney, * * * and the defendants not being represented in court;" and thereupon the clerk selected an attorney, practicing in the court, to preside at the trial, "the presiding judge having been of counsel," and therefore disqualified. Further on, the judgment-entry uses this language: "And issue being joined upon the motion of the plaintiff for a judgment against the defendants, thereupon comes a jury," &c. We find in the record no issue actually made up, and amid the inconsistent recitals noted above, we can not, in a summary proceeding like this, affirm that the defendant was represented, or

had joined issue on the averments of the motion. Thus construed, the judgment-entry is fatally deficient in many particulars. There should have been a judgment by default taken; and then the judgment-entry should have shown that every material averment of the motion was proved.—*Connoly v. Railroad, supra.*

Reversed and remanded.