## Grayson, Adm'r, *v.* Latham *et al.*

*Suit on County Warrants by Motion against County Treasurer and Sureties.*

1. *County warrants; burden of proof.*—County warrants, purporting to be issued by order of the county commissioners, and signed by the judge of probate officially, *prima facie* import a liability on the county; and in an action on them, against the county treasurer and his sureties, the *onus* is on them to show that the warrants were issued without authority, or that they are without legal consideration.

2. *Same; consideration.*—If the warrants were issued in recognition

[Grayson, Adm'r, v. Latham et al.]

of a debt contracted by the county during the late war, in the purchase of corn for the maintenance of the families of Confederate soldiers, they would be without legal consideration, and no recovery could be had on them; but, if the corn was purchased for the support of the indigent, and not in promotion of the Confederate Government, the consideration would be lawful, and the warrants valid; and though the original agreement for the purchase of the corn was unlawful, a new contract, made after the close of the war, by which the county acquired the balance of corn remaining on hand, at a new price, and for a lawful purpose, would not be affected with the taint of illegality.

3. *Same; order for issue or allowance of.*—If the claims were audited and allowed by the county commissioners, it would not avail the defendants to show that there was no prior order of the court for the purchase of the corn.

4. *Same; statute of limitations against.*—County warrants, issued by authority, duly audited and registered, are not due and demandable until regularly reached in the order of their registration; and the statute of limitations, which is six years, does not begin to run against them until that time.

5. *Secondary evidence.*—The court-house and records of the court of county commissioners having been destroyed by fire, it is competent to show by oral proof that no order had ever been made by such court authorizing the issue of county warrants upon which suit had been brought.

APPEAL from Pickens Circuit Court.

Tried before Hon. S. H. SPROTT.

The suit is founded on two county warrants alleged and purporting to be issued by the commissioners court of Pickens county, and signed by the probate judge, one for $2,878 to C. W. Moore, administrator of William Robinson, on the 1st day of February, 1866, and the other for $1,188 to D. P. Davis, or order, on the 28th day of February, 1867. These claims were registered with the county treasurer on April 5th, 1870, numbered 146 and 147, and these numbers were passed on the register of claims by the treasurer without payment in July, 1876, and since passing said claims the treasurer of the county paid out more money than was sufficient to pay the two warrants.

Demand for payment was made on the county treasurer in December, 1881. This suit was instituted January 24th, 1882, by motion against appellees, H. B. Latham, the county treasurer, and his sureties on his official bond, on his refusal to pay the warrants sued on.

The defense in the case and the various questions of evidence appear in the opinion. The charges therein referred to are here given:

"3. The plaintiff in this case can not recover unless he shows that the warrants upon which this suit is founded are valid warrants; and to constitute valid warrants, they must

[Grayson, Adm'r, v. Latham et al.]

have been drawn by the judge of probate of the county in pursuance of an order of the court of county commissioners, allowing claims against the county with which the county was legally chargeable; and if the jury shall believe from the evidence that the judge of probate of Pickens county, Alabama, drew the warrants sued on in this cause without the authority of the court of county commissioners of said county, then the plaintiff can not recover in this action, and the jury must find for the defendants."

"5. On the county warrants sued on in this case, the statute of limitations began to run from the time payment of said warrants was denied by the commissioners court of Pickens county, or by the treasurer of said county, or by both."

"6. When a right exists, but a demand is necessary to entitle the party to an action against any officer, agent or attorney, the limitation commences from the commission or omission of the act giving the right of action, and not to the date of the demand.—Code, §§ 2915; 3241."

A motion was made in this court to strike the bill of exceptions from the transcript.

E. D. WILLETT & E. D. WILLETT, JR., CALDWELL & JOHNSTON, and BRICKELL, SEMPLE & GUNTER, for appellant.—The commissioners court has power to make contracts and issue warrants.—66 Ala. 382. The county treasurer is required to pay warrants in order of registration, and proof of payment of junior claim is sufficient to authorize suit.—Code, § 845; 54 Ala. 64; 51 Ala. 105; 65 Ala. 461. The allowance and issuance of warrants make them *prima facie* correct, and the burden of impeaching them is on defendant.—53 Ala. 25; 57 Ala. 209; 61 Ala. 295; 1 Brick. Dig. 344, § 133. As to the statute of limitations, see 57 Ala. 209; Code, §§ 845, 3241, 3226, subd. 7, 3225, subd. 3. Questions of evidence and the various charges argued at length.

M. L. STANSEL, L. M. STONE, and TROY, TOMPKINS & LONDON, *contra.*—The bill of exceptions should be stricken from the transcript.—69 Ala. 104; 82 Ala. 429. The action was not brought until the witnesses were nearly all dead.—72 Ala. 24. The record was insufficient to support issuance of warrants.—57 Ala. 215, 221; 66 Ala. 137. Warrants are barred by the statute of limitations.—7 Ala. 880; Code of 1876, §§ 3225, 3241.

[Grayson, Adm'r, v. Latham et al.]

STONE, C. J.—The motion to strike the bill of exceptions from the transcript must be overruled. Its beginning on the sixth page is in usual form, and its contents up to, and including the first half of page eighty-six, are such as are usually found in bills of exceptions. It is very unnecessarily long, containing *in extenso* all the testimony before the jury, when, as to a large part of it, no exception was reserved to any ruling made in regard to it. The conclusion of the bill of exceptions is less full than is generally shown, but we think the record, in its present shape, is sufficiently explicit to enable us to determine, conclusively, what questions were reserved during the trial. This is the proper office of a bill of exceptions, and the present transcript meets the requirement.—Code of 1886, § 2758.

The warrants declared on, issued and signed by the judge of probate as they were shown to have been, *prima facie* imported a liability on the county.—*Com'rs Court v. Moore*, 53 Ala. 25.

The defense assumed several forms: First, that the warrants were issued in recognition of debts on the county, contracted in the purchase of corn during the war, for the maintenance of the families of soldiers who were serving, or were disabled, or had lost their lives in the Confederate armies. If this was satisfactorily shown to the jury, either as to one or both of the warrants it was, to the extent proved, a defense to the action.—*Speed v. Cocke*, 57 Ala. 209, and authorities cited. On the other hand, if the debt was for corn, purchased and used for the support of the indigent, and not in promotion of the Confederate government while the conflict was raging, then the consideration was lawful, and the other conditions co-existing, the warrants are evidence of a liability on the county.—*Henry v. Cohen*, 66 Ala. 382.

Another phase of this question. There is some testimony tending to show that Davis made a contract for the purchase of corn during the war, to be paid for in Confederate money, the corn to be distributed among the families of Confederate soldiers, and that some of this corn remained unpaid for, uncalled for, and undelivered at the cessation of hostilities. That after the surrender, an arrangement was agreed on by which Pickens county became the purchaser of this corn, and contracted to pay Robinson for it at a different price, and in good money, and that it actually received and distributed the corn among its indigent poor, under this second con-

tract.  This is claimed to have been the consideration of the smaller of the two warrants, and that it was made payable to Davis, to distinguish it from the larger purchase, although, all the while, it was the property of the Robinson estate.    If this be the true history and version of the transaction for which the smaller warrant was issued, there was nothing illegal in its consideration, and it fastened a liability on the county.    Any taint of illegality in the original, executory purchase would thereby have become purged, by the second executed contract.    As to this part of the claim, the true inquiry is, whether the relation of debtor and creditor between Davis and Robinson was abandoned, and a new agreement, on terms somewhat varied, entered into, by which Pickens county became debtor directly to Robinson.

Upon the question we have been discussing, the plaintiff made a *prima facie* case when he produced and proved his warrants, showed they had been registered, proved that in the receipt and disbursement of county funds, the time had arrived for their payment, according to their place on the registry, and that payment had been demanded and refused. Or, if payment was not shown to have been demanded, by proving that demand would have been unnecessary.    Making this *prima facie* case, if made, the burden would then be shifted to defendants to overturn the presumption of liability.

If the testimony produced a reasonable conviction on the minds of the jury that the corn was purchased, procured and distributed among the families of Confederate soldiers while hostilities continued, that is a defense to the action.

It is shown that the court-house of Pickens county was burned in 1876, and with it, among other things, the records of the court of county commissioners.    It was attempted to be shown in defense that no order of the court of county commissioners had ever been made, authorizing the issue of the warrants which are the subject of the present suit.    The burden was on the defendants to show that there was no such order.    The record being destroyed, it could be shown by oral proof.—*Smith v. West.* 64 Ala. 34; *Derrett v. Alexander*, 25 Ala. 265; 1 Greenl. Ev., § 509.

If there was an order of the court allowing the claims, and ordering warrants to be issued, this is enough.    Hence, it would not avail defendants if they could show that no prior order had been granted, authorizing the purchase of the corn. If the claim was audited by the court and allowed, even if no prior order had been passed directing the purchase, the war-

rants could not be assailed for want of authority to issue them. To vacate them on the ground of unauthorized issue, it must be shown that the court of county commissioners had not allowed the claims—had not authorized the issue of the warrants.

The questions discussed above were subjects of oral testimony. Any facts pertinent to any of the inquiries, of which witnesses had personal knowledge, were competent evidence. This would include proof of time and place when, and the person or persons by whom the contract or contracts of purchase were made; when, how, and under what authority the delivery and distribution were effected; whether paid for in whole or in part; and if paid for in what currency; whether or not the claim or claims were audited and allowed by the court of county commissioners, and orders made for the issue of warrants; whether or not the warrants were registered, and when; whether or not all claims of older registration had been paid, and when the time arrived for demanding payment of these warrants, in the order of their registration; whether or not demand of payment had been made, and if not proved, whether or not an order had been made refusing payment, and thereby demand would have been rendered fruitless and, possibly many other inquiries of pertinent facts, which may arise in the trial of the case. As a rule, however, only facts can be given in evidence.

On the other hand, hearsay testimony, or what witnesses have gathered or learned in the community, is not competent testimony on any issue presented in this case. All such testimony when objected to, ought to have been excluded. We need not particularize all the rulings which fall within this class. It should be rejected on another trial.

The present suit was commenced in January, 1882. The court of county commissioners adopted the resolution, instructing the county treasurer not to pay the warrants issued on corn claims in July, 1875. There is no evidence in the record that Robinson's administrator had notice of the adoption of this resolution. There was proof that the claims here sued on, as entered in the registry of claims against the county, were reached and passed, either in July, 1876, or in May, 1877. Either of these dates was less than six years before this suit was instituted.

We hold that the present claims were not due and demandable until they were reached in the regular order on the registration book.—Code of 1876, § 845; *Caldwell v.*

[Grayson, Adm'r, v. Latham et al.]

*Guinn*, 54 Ala. 64. We hold further, that the limitation to a suit on these claims is six years from the date of the right to sue; and if they were not reached in the order of their registration until July, 1876, or May, 1877, they are not barred by the statute of limitations.

Charge No. 3, given at the instance of defendants, is erroneous, in that it misplaces the burden of proof of the order of court, on which the warrants were issued. It was not, however, excepted to separately.

Charge No. 5, given for defendants, is faulty for two reasons, as shown above.

Charge 6 may be correct, but the time from which the limitation commenced to run is the date when the treasurer, having funds for the purpose, failed to apply them to those claims, after they were reached in the order of their registration.

We feel it our duty to make a special order in reference to costs in this case. It is, however, the only means within our power of protecting the appellees against what would be an oppression. The two faulty transcripts heretofore rejected by us will not be taxed against the appellees, as costs of appeal to be paid by them. If they are paid for, it is not right the appellees should be taxed with the burden. And the bill of exceptions is more than twice the length it need have been.

Reversed and remanded.

Supplemental opinion on an application for rehearing:

STONE, C. J.—This suit was instituted in the name of Caroline P. Robinson, styling herself transferee, and also styling herself administratrix of the estate of William Robinson, deceased. The corn, which was the consideration of the warrants sued on, was of the estate of William Robinson. Pending the suit in the Circuit Court, the death of Mrs. Robinson was suggested, and the suit was revived in the name of John W. Grayson. In the order of revivor, as found in the transcript before us, is the following language: "Leave is granted by the court to revive the cause in the name of John W. Grayson, as administrator of Caroline P. Robinson, as party plaintiff, and issue being joined," &c. In other parts of the transcript Grayson is described as the administrator of William Robinson, deceased. It is not shown that any question was raised on this discrepancy in the court

[Cox et al. v. Bridges.]

below, or that the attention of the court was called to it. It was not called to our attention until after we had announced our decision on May 16, ult. We will announce no special ruling on this question, but will leave it for consideration in the court below.