# Chandler *et al.* v. Reid.

*Summary Proceeding against Sheriff and his Sureties.*

1. *Summary proceeding against sheriff's sureties; judgment by default and its recitals.*—In a summary proceeding under the statute (Code of 1886, § 3101) against the sureties on a sheriff's official bond, upon the failure of the sureties to appear in response to notice of the motion, a judgment by default against them is proper; but the judgment entry must show that every material averment of the motion was proved.

2. *Same; same; failure of sheriff to pay over money collected on an execution.*—In a summary proceeding against the sureties on a sheriff's official bond, for his failure to pay over money collected by him on an execution, a judgment by default is insufficient and can not be supported, which does not show that there was proof made to sustain the averments that the money was collected on an execution, that the sheriff failed to pay it over on plaintiff's demand, and that the parties, notified of the motion and against whom the judgment was rendered, were sureties on the sheriff's official bond.

3. *Same; remedy given to plaintiff in execution.*—The remedy for a summary judgment against a sheriff and his bondsmen, for his failure to pay over money collected on an execution (Code of 1886, § 3101), is given to the plaintiff in execution as distinguished from the plaintiff in the suit; and it is, therefore, no objection to the enforcement of such remedy that the movant in the proceeding was the defendant in the original suit; judgment there in having been rendered in his favor.

4. *Same; no discontinuance by reason of not being heard until the term after institution.*—A proceeding for a summary judgment against a sheriff and his bondsmen, instituted on motion and notice as required by the statute (Code of 1886, § 3101), is not discontinued by reason of the fact that the motion was not heard until the term of the court succeeding the one during or before which the notice was given.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. GEORGE E. BREWER.

The proceedings in this case were had upon a motion by the appellee, George Reid, for a summary judgment against the appellants, as sureties on the bond of the deceased sheriff of Calhoun county, based upon the alleged failure of the said sheriff to pay over to the movant on demand, one hundred dollars collected by said sheriff upon

[Chandler *et al.* v. Reid.]

an execution which was issued from the circuit court of
Calhoun county upon a judgment recovered by the
movant therein, which execution was placed in the hands
of the said sheriff.

Notice was served on the defendants on the hearing of
said motion, and upon the day set for said hearing, the
defendants failing to appear, there was a judgment by
default rendered against them. This judgment, after
reciting the fact of the filing of the motion, and the issu-
ance of notice, then continued as follows: "It appear-
ing to the court that the said notice was duly served on
the defendants on October 29th, 1894, and that said
Chandler, as such sheriff as aforesaid, had collected
money and had failed to pay the same over to plaintiff,
his agent or attorney, and the defendants being solemnly
called came not, but made default, it is, therefore, con-
sidered by the court that plaintiff have and recover judg-
ment against the defendants as claimed in the motion;
and the plaintiff's damages being uncertain, he has leave
to execute a writ of inquiry at the next term of this court
to ascertain the amount of plaintiff's damages."

At the next term of the court, the writ of inquiry or-
dered in the judgment by default was executed, and final
judgment was rendered for the amount of damages as-
sessed by the jury. The defendants appeal, and assign
the rendition of this judgment as error.

GOODHUE & SIBERT, for appellants.—The motion for
a summary judgment was discontinued by the failure of
the court to take any action at the November term, 1894,
and the subsequent judgment taken against the appel-
lants was without any legal or sufficient notice.—*Lovins
v. Humphries*, 67 Ala. 440.

To sustain a summary judgment against the sheriff
and his sureties, the record must affirmatively show that
the plaintiff was entitled to pursue the statutory rem-
edy, and that all the requisites of the statute were com-
plied with, and the judgment entry must show that
every material averment of the motion was proved.—
*Warwick v. Brooks*, 70 Ala. 412.

When a party resorts to a summary statutory remedy,
the statute must be strictly followed in all matters of
substance, and the record must affirmatively show every
material fact necessary to sustain the proceeding.—*Enloe*

[Chandler *et al.* v. Reid.]

*v. Reike*, 56 Ala. 500; *Caldwell v. Guinn*, 54 Ala. 64. The record fails to show that proof was made as to who were the sureties on Chandler's official bond. This was necessary to sustain the judgment.—*Caldwell v. Guinn*, 54 Ala. 64; *Dane v. McArthur*, 57 Ala. 456.

McCLELLAN, J.—This is a motion by Reid, under section 3101 of the Code, prosecuted against the sureties on the bond of a deceased sheriff. The sureties ·had notice of the motion, but failed to appear, and judgment by default, with leave to execute a writ of inquiry, was entered against them. This was proper; but the judgment entry should have shown that every material averment of the motion was proved.—*Connoly v. A. & T. R. R. R. Co.*, 29 Ala. 573; *Warwick v. Brooks*, 70 Ala. 412. That the money was collected upon an execution, and that the officer failed to pay it over on demand of the plaintiff, his agent or attorney, were material facts averred, and necessary to be averred in the present motion. The judgment, however, does not show that either of these averments were proved; and it cannot, therefore, be supported.

The record is further lacking. in necessary support of the judgment in that it fails to show that . proof was made that the parties notified of the motion, and against whom the judgment was rendered, were sureties of the sheriff.—*Caldwell v. Guinn*, 54 Ala. 64; *Dane v. Mc-Arthur*, 57 Ala. 456.

This remedy is given to the plaintiff *in execution*, whether he was the plaintiff in the action or not. The suggestion that the movant here was the *defendant* in the action, and for that reason is not entitled to a judgment under section 3101 of the Code, is untenable.

The parties having been brought in by notice of the motion, the case was not discontinued by reason of the fact that the motion was not heard until a term of the court succeeding that during or before which the notice was given.

Reversed and remanded.