## ARRINGTON, SOLICITOR, *vs.* VAN HOUTON ET AL.

[APPEAL FROM ORDER REFUSING MANDAMUS.]

1. *Mandamus; when will not be granted.*—If a county treasurer fails, on demand, to pay a claim which has been duly allowed, filed and registered, as prescribed by law, against such county, when there are funds in the county treasury to pay the same, he and his sureties become liable to a motion and judgment, in the name of the party to whom such claim is payable, for the amount thereof. In such a case, therefore, *mandamus* will not be awarded to compel the payment of such claim, as there is a sufficient remedy by motion or suit on the treasurer's bond.

APPEAL from the Circuit Court of Barbour.
Tried before Hon. J. McCALEB WILEY.

The facts are fully stated in the opinion.

S. F. RICE, for appellant.

F. M. WOOD, *contra*.

PETERS, J.—This is a controversy arising out of a demand for the payment of conflicting claims, by the county treasurer of Barbour county.

On the conviction of one John Smith, in the Barbour circuit court, at the spring term thereof, 1866, on a charge of assault and battery, the appellant Arrington, as solicitor of said circuit in which Barbour county, in this State, is included, became entitled to a solicitor's fee of fifteen dollars, which was taxed in the costs against said Smith. Execution was issued against Smith, and returned "no property found," at the fall term of said court after said conviction. Arrington then presented his claim to the county treasurer of said county of Barbour, and had the same registered as required by law. This was done in January, 1867.

At the fall term, 1868, of said Barbour circuit court, said Arrington, as such solicitor as aforesaid, demanded payment of his said claim of the county treasurer of said county, who refused to pay the same, but acknowledged that at the time of said demand he had in his hands, as such treasurer aforesaid, the sum of fifteen dollars of fines and forfeitures in the county treasury of said county, but that said treasurer was holding said sum of fifteen dollars of fines and forfeitures to be paid to one Seth Mabry, in satisfaction of certain witness certificates held and owned by said Mabry, and which fund was claimed by said Mabry for that purpose.

It appears from the statement in the record that Mabry held and owned a State witness certificate for seventeen dollars and fifty cents, which had been duly certified by the clerk of said circuit court of Barbour county as a claim against the said county of Barbour, and duly presented to the treasurer of said county and registered as required by law, in June, 1867. And upon this witness certificate said Mabry claimed the fund of fifteen dollars abovesaid in the hands of said county treasurer.

Upon this state of facts, Arrington applied to the honora-

ble judge of the circuit court of said county of Barbour at the fall term, 1868, for a *mandamus* or other proper process or order to compel the county treasurer, who was then one Van Houton, to pay to him, said Arrington, on his fee aforesaid, said sum of fifteen dollars.

This application on behalf of said Arrington was refused and denied by the court, and the costs of said application were taxed against the said Arrington. To this refusal and judgment of the court below, the said Arrington excepted, and now brings his case into this court, and renews his application here, as upon appeal.

These claims are each required to be presented to the county treasurer, and registered and numbered as prescribed by law. This is required of all claims which are allowed and authorized to be paid by the county treasurer. Rev. Code, § 926, cl. 2, 3. And after they are so presented, registered, and numbered, they become and are allowed claims against the county treasurer, and when there are funds in his hands, out of which they are authorized to be paid, he becomes bound to pay them, as required by law. If he fails to do this, upon demand, he may be sued at law for the same, by notice and motion against him and his securities, and judgment obtained against them in the name of the party to whom the claim is payable, his legal representatives, or assigns, for the amount of the claim.— Rev. Code, §§ 930, 4343, 4222, 4221.

This affords a sufficient remedy at law, without the necessity for resort to the extraordinary remedy of *mandamus*. When this is the case, a *mandamus* will be denied, as there is another specific and sufficient remedy provided by law.— *Tarver v. Commissioners Court of Tallapoosa County*, 17 Ala. 527 ; *Ex parte* Robins, 29 Ala. 71 ; Shep. Dig. p. 696.

Let the judgment of the court below be affirmed, and the application in this court be denied. And the said Arrington will pay the costs in this court and in the court below,