[Savage v. Mathews.]


# Savage *v.* Mathews.

*An Action for Damages Against Judge of Probate, and the Sureties Upon his Official Bond, Charging the Judge with Wrongfully Issuing a Warrant on the County Treasurer, which was Purchased by Plaintiff.*

1. *Warrants on County Treasurer.*—Warrants issued by judges of probate under authority of § 901, Code of Ala. are not issued for commercial circulation, but are merely the means and safe-guards provided by law for the disbursement of the public money of the county, by the officers entrusted with its keeping and disbursement.

2. *Same.*—Such county warrants possess no element of a contract. They are not assignable so as to be made the foundation of an action at the suit of the transferree. In fact, no action, at all, can be maintained upon them, against the county, or any officer or person; though, an action would lie against the county treasurer for refusal or failure to pay, when there was money in his hands for the purpose.

3. *Same.*—While the wrongful issuance of a county warrant by the judge of probate, is done under color of his office, within the meaning of sub-division 3 of § 273, of the Code, upon which an action would lie upon his official bond at the suit of the county, if thereby the funds of the county were unlawfully diverted or lost, still, the purchase, by a stranger, of such warrant, would give him no ground of action against the judge of probate

4. *Section 273, sub-division 3, construed.*—The words, "for the use and benefit of every person who is injured," as found in sub-division 3, Section 273, of the Code, (1886), include only persons having a direct, proximate interest in the official act or omission complained of.

APPEAL from Cherokee Circuit Court.

Tried before the Hon. JOHN B. TALLY.

This action was brought by the appellee, T. R. Mathews, against the appellant, R. R. Savage, the judge of probate of Cherokee county, and the sureties on his official bond, and was begun on the 29th of August, 1890.

The complaint alleged, substantially, that the official bond of the said judge of probate required of him a faithful performance of all the duties of that office, and that there had been a breach of the condition of the bond in this, that it was the duty of said judge to issue to claimants, warrants on the county treasury, for the amount of claims allowed by the county commissioners, against the county, but, that this duty was not faithfully performed, in this, that the said judge entrusted his clerk to issue warrants, and sign the name of the judge of probate thereto, and this clerk

[Savage v. Mathews.]

negligently and wrongfully issued, and put in circulation, a warrant for $296.50, payable to W. H. Converse, or bearer, bearing date of issuance, 12th of March, 1887, which was bought by plaintiff, for value, without any notice of its spurious character; but, that in fact, said warrant, or, what purported to be, a warrant on the county treasurer, was simply a copy, or duplicate, issued without authority of law, by the negligence of said clerk, and not a proper charge against said county; that, he had presented it for payment to the county treasurer, who had refused to pay it, and that the amount paid by plaintiff for it, was lost to him; hence this suit. There were several counts of varying phraseology, but substantially asserting the same cause of action. To the complaint the defendants demurred, denying any legal liability as claimed. The court overruled the demurrer and upon issue taken the trial resulted in a verdict for the plaintiff. The defendants take this appeal, assigning the ruling of the court on the demurrer, as error.

J. L. BENNETT, for appellant.

MATHEWS & WHITESIDE, for appellee.

HEAD, J.—This is a novel action in this State. We have been referred to no authority which supports it, and can find none. We are sure it has no support in principle.

Section 901 of the Code provides that, "the court of county commissioners must, in term time, audit all claims against their respective counties; and every claim or such part thereof as is allowed, must be registered in a book kept for that purpose; and the judge of probate must give the claimant a warrant on the treasurer for the amount so allowed." It is the duty of the treasurer to register, according to prescribed forms, in well bound books, all claims allowed by the commissioners court and presented to him, designating date of allowance; when presented, the character of the claim, to whom allowed and the amount; and to number, register and pay all claims in the order in which they are presented, &c. Sec. 915.

The substance of plaintiff's complaint is, that the defendant, Savage, who, with the sureties on his official bond, is sued for the supposed grievance, as probate judge of Cherokee county, acting by and through his duly appointed and authorized clerk, carelessly or fraudulently issued to, or in the name of one, Converse, certain warrants on the county treasurer for the payment from the treasury of

designated sums of money, which were not authorized by any order or allowance of the commissioners court, and which in fact represented no lawful or proper charge or claim against the county; that one of said warrants, after passing by transfer through the hands of other holders, was purchased by the plaintiff from one West, and a specified sum of money paid therefor, without any knowledge or notice of the spurious character of the warrant, but relying upon its validity. The judge of probate and his sureties are sued upon his official bond for the damage alleged to have resulted from this purchase.

It is perfectly obvious that these warrants are not authorized to be issued for commercial circulation. They are but means and safe-guards provided by law for the disbursement of the public money of the county, by the officers entrusted with its keeping and disbursement. A warrant is the command of one duly authorized officer to another, whose duty it is to obey, to pay, from the county funds, a specified sum to a designated person whose claim therefor has been allowed by the court of county commissioners. So far from being intended as a circulating paper, to which the rights of third persons might attach, in commercial dealing, it possesses no element of a contract. It is not assignable so as to be made the foundation of an action at the suit of a transferree.—Code, § 1762; *West v. Foreman*, 21 Ala. 400. Indeed, strictly speaking, no action at all can be maintained upon such a warrant against the county, or any officer or person. If the treasurer has funds in his hands lawfully applicable to its payment, it is his official duty to pay it; but he is not bound by virtue of any contractual obligation, as a party to the instrument. His failure to pay, having funds for that purpose, is an official dereliction for which he is liable to an action. The warrant, it may be, raises *prima facie* evidence of his duty to pay; but it is not, in a legal sense, the foundation of an action brought against the treasurer. Such action would be for the breach of official duty to which the warrant bears only a collateral relation. In *Com. Court v. Moore*, 53 Ala. 25, this court properly said: "If after the audit and allowance, a warrant is, pursuant to the statute, drawn on the county treasurer, it is a mere authority to him to pay. It is nothing more really than an order on the county itself, the debtor; citing Dillon Mun. Corp. § 406–412. And again, in the same case, "When the claim has been audited and allowed by the Commissioners Court it ceases to be the subject of a suit in the ordinary modes against the county. If the Commissioners Court fail to levy and collect a tax for

the payment of such claim they fail to exercise a ministerial or executive power with which they are clothed, and in the exercise of which an individual has a right and interest, and *mandamus* lies to compel its exercise." The case of *Grayson Admr. v. Latham*, 84 Ala. 546, was not really a suit on the warrants, though mentioned as such in the statement of facts. It was a summary motion against the treasurer for his failure to perform his official duty. The warrants were evidence of his official duty to pay, if he had funds sufficient, but, in themselves, there was no assumption of obligation on his part by which they could be made the cause or foundation of action against him. It results that individuals, composing the public, other than the common interest all feel in the due and lawful disbursement of the public revenues, have no interest or concern whatever in the issuance of such warrants which can, in any legal sense, be said to be contemplated by, or involved in such issuance. No one has any interest therein but the county and the person in whose favor the warrant is issued, and as a consequence none other can complain of the official action of the judge in reference to it, whether characterized by misfeasance, malfeasance or nonfeasance. It is not to be questioned that such misconduct on the part of the judge, when committed, is done under color of his office, within the meaning of sub-division 3 of section 273 of the Code; and if thereby the funds of the county should be unlawfully diverted and lost, an action would lie upon his official bond at the suit of the county for the injury; *Lewis et al. v. State ex rel*, 4 So. Rep. 429 ; but when a stranger to the subject-matter of the official act, having no interest therein, sees fit to voluntarily anticipate, for the county treasurer, payment of the warrant, or to purchase it from the holder, and if thereby he acquires, if the warrant had been a lawful one, an equitable right to have the money paid to him by the treasurer, the wrongful act of the judge was but the remote cause of his injury and furnishes him no cause of action against that officer. In Murfree on Official Bonds, § 468, this language is used: "In general, a public officer is liable only to the person to whom the particular duty is owing; and whenever he is called to account the first and ruling question is whether the plaintiff shows any breach of a particular duty to him. It is by no means sufficient to show negligence on the part of the officer, and an injury to the plaintiff; it must be shown also that such negligence and consequent injury constituted a breach of some duty which the officer owed to the plaintiff. Hence, a mortgagee cannot maintain an action against a county trustee because

[Dulin v. Hunter.]

the latter neglected or failed to collect the taxes due on the mortgaged premises from the personal estate of the mortgagor and thereby threw that charge upon the mortgaged property. It is true that it was the duty of the county trustee to collect the tax from the personality of the mortgagor, but that was not a duty which he owed to the mortgagee. It is true that the failure of the officer to discharge his duty in this respect caused an injury to the mortgagee, but that injury was indirect and remote, and was wholly unprovided for by the law. The law fixes the liability of the officer, and the law and the bond, that of the surety, not only in other respects but also as to the persons to whom the duty or the penalty is due." This author proceeds, in the same section, to give numerous illustrations of the principle we declare, demonstrating the proposition that a person entitled to sue an officer for official wrong or delinquency must have had at the time a direct, proximate interest in the matter of the official act complained of; and that a remote interest, not legally contemplated in the wrongful act or omission, gives no cause of action. The words, "For the use and benefit of every person who is injured," as found in sub-division 3, section 273 of our Code, include only persons having a direct, proximate interest in the official act or omission complained of.

It is clear, therefore, that neither count of the complaint contains a substantial cause of action, and the demurrers to them should have been sustained; and as it is obvious no amendment can be made which will give a cause of action, the judgment of the Circuit Court will be reversed, and judgment here rendered for the defendant.

Reversed and remanded.