# Chitty v. Tisdale.

## *Mandamus.*

(Decided Jan. 23, 1908.   45 South. 587.)

*Jury; Attendance and Compensation; Special Jurors; Compensation.*—A special juror attending court upon summons for one day is entitled to compensation for his attendance, although discharged without being sworn as a juror.

APPEAL from Butler Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Mandamus by G. A. Chitty against S. L. Tisdale, as clerk of the circuit court, to compel him to issue a certificate of attendance upon court. From a judgment denying the writ, plaintiff appeals. Reversed, and judgment rendered granting the writ.

HAMILTON & CRUMPTON, for appellant. Counsel contend that the proper construction of section 4850 and 4851, Code 1896, is that a juror summoned for the trial of a capital case is entitled to his mileage and per diem pay, if he attends, although he is not sworn as a juror.

No counsel marked for appellee.

SIMPSON, J.—This is an appeal from a judgment of the circuit court denying an application for a writ of

[Chitty v. Tisdale.]

mandamus to be issued to the appellee as clerk of the circuit court.

The appellant was summoned as a special juror to attend court. He obeyed said summons, and attended court one day, but was discharged without being sworn in as a juror, as the case in which he was summoned was continued. He made the proper affidavit, and the clerk issued to him a certificate for the number of miles traveled, but refused to issue any certificate for his attendance at the court one day. Sections 4580 and 4581 of the Code of 1896 provide that regular jurors shall be entitled to $2 for each day's service, and that special jurors shall be entitled to the "same compensation for their attendance." The statute seems to have been worded carefully, for the purpose of showing that the special juror shall not be deprived of his compensation by the mere fact that he is not sworn in as a juror. He attends court, and is required to remain there until he is discharged. It takes as much of his time as if he were sworn in, and he is as much subject to the orders of the court as a juror on the regular panel who does not happen to be called on to sit in a case during that day. There is no reason why he should not be entitled to his compensation.

The judgment of the court is reversed, and a judgment will be here rendered granting the writ as prayed.

Reversed and rendered.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.