# Hines *v.* Salter.

*Mandamus.*

(Decided Jan. 23, 1908.   45 South. 587.)

*Mandamus; Nature and Grounds; Other Remedies.*—The refusal of a county treasurer to pay a warrant properly drawn on the county treasury is a breach of his official bond, and suit will lie thereon against him and his sureties, and hence, mandamus will not lie to compel the payment of such a warrant by the treasurer, although the person holding it is entitled to compensation.

APPEAL from Butler Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Mandamus by James A. Hines to compel M. B. Salter, as county treasurer, to pay a county warrant.   From a judgment denying the writ, petitioner appeals. Affirmed.

HAMILTON & CRUMPTON, for appellant.   Counsel insist that sections 4850 and 4851, Code 1896, entitled a juror who attends court ( although summoned specially in a capital case) to his mileage and per diem pay, although the juror be not sworn as a juror.

No counsel marked for appellee.

SIMPSON, J.—This is an appeal from a judgment of the circuit court denying an application by the appellant for a writ of mandamus to the county treasurer to compel him to pay the amount due the petitioner for mileage and attendance as a special juror.   The treasurer was willing to pay the amount claimed for mileage, but refused to pay for the day's attendance, on the ground that said petitioner was not sworn as a special juror.

According to sections 4580 and 4581, Cr. Code 1896, regular jurors are entitled, besides mileage, to $2 for

each day's service, and special jurors are entitled to the "same compensation for their attendance." The clerk certified that the juror had traveled so many miles, and "has attended as a special juror the present term of the court one day." While it is true that the party is entitled to his per diem (*Chitty v. Tisdale, Infra,* 45 South. 587), yet, as the failure of the treasurer to pay the warrant is a breach of his official bond, and there is an adequate remedy by suit against him and his sureties, the court below cannot be placed in error for refusing to grant the mandamus.—*Arrington v. Van Houton et al.,* 44 Ala. 284; *Briggs v. Coleman,* 51 Ala. 561; *Speed et al. v. Cocke, Adm'r,* 57 Ala. 221.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.