# State, *ex rel.* Norwood *v.* Goldsmith, Treasurer.

## *Mandamus.*

(Decided June 30, 1909.  50 South. 394.)

1. *Taxation; Recovery of Tax Paid.*—Section 2340, Code 1907, has reference merely to cases where there has been some clerical mistake in the assessment and collection of taxes, and is not intended to clothe courts of county commissioners or boards of revenue with the function of passing upon the validity of tax laws, that being a judicial determination for the adjudication of a duly constituted court.

2. *Counties; Claims Against; Audit and Allowance of; Nature and Power.*—The audit and allowance of claims against a county is the exercise of an administrative or executive power, and not of a judicial power.  (Mayfield, J., dissents.)

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

[State, ex rel. Norwood v. Goldsmith, Treasurer.]

Mandamus by the state on the relation of Jos. L. Norwood to compel Robert L. Goldsmith, as treasurer of Lowndes county to pay warrant issued by the court of county commissioners, refunding taxes. From an order denying the rule nisi, the relator appeals. Affirmed.

TROY, WATTS & LETCHER, for appellant. Counsel insist that the acts under which, the tax was levied contravenes subdivision 10 of section 104, Constitution 190.— *Sisk v. Cargile,* 35 South. 115. They also insist that said act contravenes section 105 of the Constitution 1901.—*Southern Ry. Co. v. Cherokee County,* 42 South. 66; *Forman v. Haas,* 43 South. 827; *Montgomery v. Reese,* 43 South. 116.

MARKS & SAYRE, for appellee. The statutes provide an exclusive method for refunding taxes paid under color of law.—Secs. 2340-4, Code 1907; *Jefferson Pub. Co. v. Hilliard,* 105 Ala. 578. The refusal of the judge of the lower court to order the rule nisi, was proper because the applicant did not follow the method provided by law for ascertaining the justice of the claim, and because the levy was valid. A disbursing officer should refuse to pay a void warrant.—*Com. Ct. v. Moore,* 53 Ala. 27; *Jefferson Pub. Co. v. Hilliard, supra.* Counsel discuss the constitutionality of the statute, and cite in support thereof.—*Ex parte Randolph,* 2 Brock. 447; *Ramagnano v. Cook,* 88 Ala. 454; Lewis Sutherland Statutory Const. sec. 6; 19 A. & E. E. Ency of Law, 1103.

SIMPSON, J.— This is an appeal from an order of the judge of the city court of Montgomery, refusing to grant a rule nisi on an application for a writ of mandamus to compel appellee to pay a warrant issued by the

board of revenue of Lowndes county in favor of the relator.

On August 2, 1907, the Legislature enacted "An act for the improvement of the public roads of Lowndes county." Said act creates the office of supervisor of roads, provides for his election and salary, also provides for overseers, their salary, etc., and provides for the levy of an annual tax of 25 cents on each $100, etc.—Loc. Acts 1907, p. 684. The petition alleges that petitioner paid said tax for the years 1907 and 1908, amounting to $289.08, under protest; that said act is unconstitutional; that he filed with the board of revenue of said county a petition setting up the unconstitutionality of said act; that said board allowed his claim and issued to him a warrant upon the treasurer of said county for said sum of money, "to be paid out of the moneys in the treasury created by the collection of such taxes"; that he presented said warrant to said treasurer, and he refused to pay the same, although he had in his hands a sufficient amount of the funds created by the collection of such taxes to satisfy the same.

In order to authorize a resort to this summary process to enforce the refunding of taxes which have been paid into the treasury, it is evident that resort must be had to statutory authority. The petitioner alleges that his application to the board of revenue for said warrant was "by virtue of article 16, chapter 45, Code of 1907." The first section of that article (section 2340) provides that "any person * * * who, through a mistake, or error, in the assessment or collection of taxes has paid to the county tax collector money that was not due from him for taxes, may file a petition in the court of county commissioners, asking that a warrant be drawn," etc. It is evident that this section refers merely to cases where there has been some clerical mistake or error in

the assessment or collection of taxes, and was not intended to clothe the county commissioners or board of revenue with the judicial function of passing upon the validity of an act of the Legislature.

This court has held that "the audit and allowance of claims against the county is the exercise of administrative or executive, not of judicial, power."—*Jeffersonian Pub. Co. v. Hilliard,* 105 Ala. 578, 17 South. 112; *State ex rel., etc., v. Rogers et al.,* 107 Ala. 444, 456, 19 South. 909, 32 L. R. A. 520; *Com'rs' Court v. Moore,* 53 Ala. 25, 27. The Legislature subsequently provided for cases where the payment of taxes had been made "under mistake of law, or fact, upon any illegal tax assessment made under color of law," and very properly provided that "the same shall be recoverable by appropriate proceedings at law, or in equity, against the proper parties, or their successors."—Gen. Acts 1907, p. 639; section 2345, Code 1907.

It was certainly proper that so serious a matter as the constitutionality of an act of the Legislature should be referred to the adjudication of a duly constituted court. This the Legislature has done. The judge of the city court committed no error in refusing to grant the rule nisi, and his judgment is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON, DENSON and SAYRE, JJ,. concur.

MAYFIELD, J. (dissenting).—The case made by the relator is as follows: This is an appeal from an order of Hon. Armstead Brown, associate judge of the city court of Montgomery, refusing a rule nisi on an application for mandamus to compel appellee to pay a warrant issued by the board of revenue of Lowndes county in favor of the relator. The warrant, for the sum of

$289.08, shows on its face that said amount was allow-
ed relator on account of his having paid same as special
road taxes for years 1907 and 1908, under color of an
act (Loc. Laws 1907, p. 684), that said act is unconsti-
tutional, and that said amount is to be paid out of mon-
eys in the treasury created by the collection of said tax.

The only question which arises is the constitution-
ality of the act, entitled "An act for the improvement
of public roads in Lowndes county," approved August
2, 1907.  By said act the Legislature levied a special an-
nual tax of one-fourth of 1 per centum on all property
in the county "assessed for taxation and subject to tax-
ation under the general laws of the state to be assessed
and collected in the same manner as other taxes for
county purposes are assessed and collected; but the act
further provided that "the tax collector * * * shall in-
clude such tax of twenty-five cents on the hundred dol-
lars in the taxes collected by him for the year of 1907,"
notwithstanding that under the existing provisions of
the general law the assessment of taxes for that year had
been made prior to the passage of the act. The tax so levi-
ed was collected with other taxes for the years 1907 and
1908.  Relator owned property in the county subject to
taxation under the general laws, and was forced to pay
and did pay said special tax under protest, and after-
wards on the 8th day of February, 1909, in accordance
with article 16, c. 45, Code of 1907, filed with the said
board of revenue a petition setting up the unconstitu-
tionality of the act and praying that all amounts paid
by him under color thereof be returned.  In addition
thereto, on the same day, he filed with the said board of
revenue an itemized verified claim, setting out that he
had paid said amount as said special taxes under pro-
test, and requested the return of the said amount, where-
upon said board of revenue audited and allowed the

claim and issued the warrant, which the treasurer failed and refused to pay, although he had in his hands at the time sufficient funds, in said fund so created, and not otherwise appropriated, and over and above current warrants against said fund.

I agree to and concur in the conclusion reached in this case, but cannot so agree and concur as to the construction placed upon and effect given to Gen. Acts 1903, p. 278 et seq., and of Gen. Acts 1907, p. 639, as they now appear as article 16, c. 45, of the Code of 1907 (sections 2340-2347). These acts were intended, as clearly appears on their face, and we know from the judicial history of this state, to confer rights of actions which had not theretofore existed in favor of the taxpayer, against the state, counties, and municipalities, for taxes wrongfully or illegally assessed, levied and collected. They conferred the right of action, but provided no exclusive remedy, though they did direct how the claims should be presented, allowed, and collected, without suit. They did not attempt to provide a specific remedy, in case suit must be brought, to enforce the right of action conferred.

If relator's petition is true, he was clearly within the provisions of the act of August 6, 1907 (Gen. Acts 1907, p. 639, now appearing as section 2345 et seq. of the Code of 1907), and had his right of action against the county of Lowndes for the taxes paid under a void law, a mere "color of law." He made out and presented his claim as required under section 2 of that act (section 2346 of the Code of 1907), and it was recognized and allowed by the board of county commissioners, as provided by both this statute above referred to and the general law (section 147 et seq. of the Code of 1907), and a warrant was issued for the amount allowed by the probate judge of the county as provided by section 146 of the Code.

[State, ex rel. Norwood v. Goldsmith, Treasurer.]

This was prima facie a valid claim against the county treasury. If the warrant was valid, and it was certainly prima facie so, nothing remained but the payment thereof by the county treasurer out of the county funds against which it was directed, and which were shown to be in the hands of the county treasurer. If valid, it was clearly his duty to pay it; if invalid, it was his duty to refuse payment. If valid, it was a breach of his official duty and of his bond to refuse payment, which gave a right of action against him and his official bondsmen. Of course, if the warrant was invalid, no action would lie against him or his bondsmen for refusing to pay.

County warrants import a prima facie, though not a conclusive, liability against the county. The warrant is a mere command or order from one public county officer to another to pay from the county funds as therein directed. Strictly speaking, no action can be maintained upon the warrant against the county, or any officer or person. If the treasurer has funds in his hands lawfully applicable to the payment of the warrant, it is his official duty to pay it; but he is not bound by virtue of any contractual obligation as a party to the instrument. For his wrongful refusal to pay he is liable officially, and, being liable officially, his official bondsmen are also liable. The action, however, is not on the warrant, but is for a breach of his official duty.—*Savage v. Mathews,* 98 Ala. 535, 13 South. 328; *Grayson v. Latham,* 84 Ala. 546, 4 South. 200, 866. No action can be brought against a county on a claim until it has been presented to the court of commissioners, as required, and until it is disallowed or reduced by the court, and the reduction refused by the claimant.—*Looney v. Jackson Co.,* 105 Ala. 597, 17 South. 105. Of course, there are certain claims against a county, such as warrants and bonds, and also some claims against special funds, that need

not be presented or disallowed.—*Limestone County v. Rather*, 48 Ala. 433. When a claim against a county has been audited and allowed, and a warrant issued therefor, it ceases to be the subject of a suit against the county. If there be no funds with which to pay it, the commissioners may be compelled to levy a tax in order to provide funds with which to pay. If there be funds which should be applied to the payment, it is a breach of the official duty of the county treasurer to fail and refuse to so apply the funds.

It therefore follows that if the local act for Lowndes county was void, and its seems to be so conceded in this case, then from the relator's petition he has a complete and adequate remedy against the county treasurer and his bondsmen to recover the amount of his claim and damages. This being true, of course, mandamus will not lie against him. Both remedies cannot exist at the same time for the same relief as between the same parties. Mandamus only lies in the absence of other appropriate and adequate remedy. If the local act be valid, then, of course, relator has no claim, right of action, or remedy. The whole right of relator depends upon the invalidity of the local law under which the tax was levied and collected. This question can, and, as of course, must, be tried in the action against the county treasurer and his bondsmen. In fact, it appears that this is the only question to be litigated. Of course, the commissioners' court passed upon this question; but it is not conclusive. The county treasurer has the same right to pass upon the constitutionality of the local act as did the commissioners. The decision of neither, however, is conclusive of the rights of the taxpayer, or of those of the county. Its constitutionality must be finally determined as is that of all other statutes like it.