# Norwood *v.* Goldsmith, Treasurer, *et al.*

## *Motion for Summary Judgment.*

(Decided May 19, 1910.   Rehearing denied June 30, 1910.   53 So. 84.)

1. *Statutes; Constitutionality; General and Special Laws.*—The local law for Lowndes county found in Acts 1907, p. 684, is unconstitutional as violating section 105, Constitution 1901, in that there is a general law upon the same subject.

2. *Same; Effect of Invalidity.*—No rights can be acquired under an unconstitutional or void act and contracts and agreements depending solely upon it are void; it can protect no one and no one can be benefitted by it or required to respond in damages for refusing obedience to it.

3. *Constitutional Law; When Passed Upon.*—The courts will not pass upon the constitutionality of a law until such an action is brought as renders it necessary in order to determine the rights of the parties to decide as to the constitutionality of the law.

4. *Judgment; Conclusiveness; Parties Concluded.*—It is only the judgment of the court and not their opinion that are binding, and judgments are binding only upon the parties thereto or their pri-

vies, and upon them only as to matters which were or ought to have been litigated or adjudicated in the action.

5. *Counties; Claim; Refusal of Treasurer to Pay Warrant; Summary Action.*—Where a county treasurer refuses to pay a warrant which it is his duty to pay, the holder of the warrant may move the circuit court under section 5948, Code 1907, for a summary judgment against him and his official bond, and the existence of other remedy will not debar the holder from this action, as it is not essential that it be the exclusive remedy.

6. *Same.*—It is no defense to a motion for summary judgment against a treasurer and his official bond as authorized by section 5938, Code 1907, that the law under which the taxes had been levied and collected had never been declared invalid in a proper proceeding by a court of competent jurisdiction, it appearing that the board of revenue of the county had passed upon plaintiff's claim and issued a warrant for its payment.

APPEAL from Lowndes Circuit Court.

Heard before Hon. J. C. RICHARDSON.

The board of revenue of Lowndes county audited a claim for taxes illegally paid and directed the probate judge to issue a warrant for the same to Joseph Morgan. The probate judge issued the warrant, and on presentation to the county treasurer, Robert L. Goldsmith, he declined to pay it. Norwood then moved for a summary judgment against the treasurer and his official bond because of such failure. From a judgment denying the motion, Norwood appeals. Reversed and remanded.

See also in the same connection *State ex rel. Norwood v. Goldsmith*, 162 Ala. 171; 50 So. 394.

TROY, WATTS & LETCHER, for appellant. A county warrant is prima facie evidence of liability, and the burden of impeaching it is cast on him who questions it.—*Grayson v. Latham*, 84 Ala. 549; *Jeffersonian Pub. Co. v. Hilliard*, 105 Ala. 578; 21 A. & E. Ency. of Law, 20. The act of August 16, 1907, General Acts 1907, p. 639, appearing as sections 2345-47, Code 1907, intended to confer rights in favor of the tax payer which had not

theretofore existed.—*White v. Smith*, 117 Ala. 235. The local act under which the tax was collected was void because in contravention of subdivision 15, section 104, and of section 105, Constitution 1901, for the reason that at the time of its passage there existed a general law upon that subject.—*Southern Ry. Co. v. Cherokee County*, 42 So. 66; *Foreman v. Hare*, 43 So. 827; *Montgomery v. Reese*, 149 Ala. 188. An unconstitutional law is not an act and confers no rights and imposes no burdens.—6 A. & E. Enc. of Law, 1091. A motion for summary judgment will lie against the county treasurer who fails on demand to pay allowed claim against the county when there are sufficient funds in the treasury to pay the same.—*Arrington v. VanHooten*, 44 Ala. 284; *Elmore Co. v. Long*, 52 Ala. 277; *Caldwell v. Duncan*, 65 Ala. 461.

MARKS & SAYRE, for appellee. The appellees base their excuse for non payment of the warrant upon the following proposition: 1st, that prior to the adoption of section 2345-7, Code 1907, money collected under a void law formed no part of the county fund and there was no legal method for an official refund of such money, and that the underlying purpose of such section was to authorize an official refunding of such money under and by the exclusive methods provided by the statutes for that purpose; 2nd, that the authority of the board of revenue to issue a warrant for the refund of taxes did not arise until after compliance by the taxpayer with the statutory provision, and the duty of the treasurer to pay such warrant did not arise until after the compliance with the exclusive preliminary statutory requirements. 3rd. That the board of revenue were without authority to declare the law unconstitutional and that the law's unconstitutionality under which taxes

have been collected cannot first be tested in a direct
suit against the treasurer to enforce their refunding on
a motion for summary judgment. In support of their
contentions appellees cite 27 A. & E. Enc. of Law, 797;
Sec. 5871, Code 1907; *State ex rel. Norwood v. Gold-
smith,* 162 Ala. 171; *Wiker v. Francis,* 120 Ala. 509.

MAYFIELD, J.—Appellant is a taxpayer, and ap-
pellee Goldsmith is county treasurer of Lowndes coun-
ty. The other appellees are the sureties on the official
bond of Goldsmith. The legislature, by a local act for
Lowndes county, approved Aug. 2, 1907 (Loc. Acts, p.
684), levied a special annual tax of our-fourth of 1 per
centum upon all the property in the county subject to
taxation; and provided that the tax so levied should
be assessed and collected as were other county taxes,
and further provided that the tax collector of that
county should collect the tax so levied for the year
1907, though the tax had not been actually assessed by
the assessor. The tax collector, in pursuance of this
act, collected of appellant the sum of $289.08 as a spe-
cial road tax for the fiscal years of 1907 and 1908.

On September 29, 1903, the Legislature passed a gen-
eral act (Gen. Acts 1903, p. 278) which provided for the
refunding of taxes erroneously paid, and for the pre-
senting of claims for such taxes, to the commissioners'
court, for allowance (among other things); and on Au-
gust 16, 1907, another similar act was approved, which
provided for the refunding and recovery of back taxes
paid under mistake of law or of fact, or under color of
law (Acts 1907, p. 639). These two acts are now em-
braced in the Code as article 16 of the chapter of Taxa-
tion (Code, §§ 2340-2347), section 2346 of which reads
as follows: "In case of any petition or application for
the refund of any money paid as aforesaid, filed with
any mayor and aldermen, or any other municipal or

other board, court of chancery, or other authority having the control of the administration or the supervision of the receipts or disbursements of any taxes collected under, or under color of, any law mentioned in the preceding section, it shall, upon proper proof, pay or order paid all such money so erroneously paid, and the tax collector, custodian, disbursing officer, or agency under it must obey such order, and also pay such costs as may in such petition or application or suit be awarded, adjudged, or decreed in favor of such person making such erroneous payment; but this section shall not apply to assessments where owners of property received special benefits, or where taxes were due, but irregularly assessed thereon."

The appellant, conceiving that the taxes had been wrongfully collected of him, because the act under which they were collected was unconstitutional and void, presented his claim to the commissioners' court, and it was audited and allowed by the court on the ground that the local act under which it was levied and collected was unconstitutional and void, the court directing the probate judge to issue a warrant upon the county treasurer for the amount of the taxes paid by the appellee under such special act. A warrant was accordingly issued to the appellee who presented it to the county treasury for payment, and payment thereof was refused. Appellant then applied for a mandamus to compel the county treasurer to pay the warrant. This application was denied (see 162 Ala. 171, 50 South. 394). The appellant then moved the circuit court, (as authorized by section 5938 of the Code) for a summary judgment against the treasurer and his official bondsmen for failure to pay such claim. The appellee answered the motion, alleging, as a special defense, that the warrant was issued without authority of law, for that the local act had never been judicially declared to be void or unconstitution-

al by a court of competent jurisdiction; that the commissioners' court had no power or jurisdiction to so adjudge the fact; and formally denying the allegations of the motion. The appellant, movant in the court below, demurred to the answer, on the grounds (1) that it neither denied, nor confessed and avoided the grounds of the motion; (2) that the answer was merely a conclusion of law; and (3) that if the act was void a judicial declaration thereof was not necessary to authorize the allowance of the claim or to authorize the issuance of a warrant thereof. There appears to have been no ruling upon the demurrer to the answer, and the motion was heard upon the evidence by the court without a jury. Judgment was rendered against the movant, and for costs, from which he appeals.

The evidence seems to have been agreed upon, and is as follows:

"Plaintiff introduced in evidence a certain warrant issued by the board of revenue for Lowndes county, in words and figures as follows:

No. 9,433.　　　　The State of Alabama, Lowndes County.
　　　　　　　　　　Board of Revenue.
　　　　　　　　March 8. Term, 1909.
　　　　　　　　Treasurer of said County:
　　　　　　　　　　Pay Jos. Norwood or bearer Two Hundred and Eighty-Nine & 08/100 Dollars for paid as special Road Tax in years 1907 and
(Arms of　1908 under color of an Act, Local Laws 1907,
Alabama)　p. 684, which law is unconstitutional, out of moneys in the Treasury created by the collection of such tax. Issued 8 day of March 1909.
　　　　　　　　　　Countersigned:
　　　　　　　　　　A. Douglas, Clerk.
$289.08　　　　　　C. P. Rogers, Jr., Chairman.

"It was admitted that said warrant was issued by said board for the refund to plaintiff of the money collected from him as special road tax under an act approved August 2, 1907, entitled 'An act for the improvement of public roads in Lowndes county,' referred to; that demand had been made upon the defendant Goldsmith for the payment of said warrant as alleged in the motion herein; that defendant Goldsmith had refused to pay said warrant; that at the time of said demand there were sufficient funds in the hands of defendant as such treasurer with which to pay the same.

"Defendant Goldsmith testified, in substance, that he was county treasurer of Lowndes county; that said warrant was presented to him for payment on March 8, 1909; that he refused, as such treasurer, to pay said warrant for the reason that the special road tax was collected by law, put in his hands as a special road fund, and its payment out of his hands directed by law; and that the warrant was drawn against that fund contrary to said act of 1907 referred to, and also that the board of revenue had no authority to draw said warrant.

"This was substantially all the evidence."

The prime and pivotal question for decision is the counstitutionality of the local act (Loc. Acts 1907, p. 684), which levied and assessed and provided for the collecting of the special tax for roads, etc. If this act is valid, then confessedly appellant has no rights in the premises; if void, then he has, and then the other questions—as to the liability of the respondents, as to whether appellant has pursued the proper remedy, as to the validity of the warrant, etc.—will have to be decided. The local Act in question is void, for that to be valid it must violate or override the Constitution of the state, which, of course, it cannot do.

What was said in the case of *Montgomery City v. Reese*, 149 Ala. 190, 43 South. 116, is equally applicable and true in this case, and is decisive of this question: "Section 105, art. 4, of the Constitution, provides that 'no special, private or local law, except a law fixing the term for holding courts, shall be enacted in any case which is provided for by general law, * * * and the courts, and not the Legislature, shall judge as to whether the matter of said law is provided for by a general law. * * * Nor shall the Legislature indirectly enact any such special, private or local law by the partial repeal of the general law.' It is apparent that the subject-matter of the two acts is substantially the same; and it is equally apparent that the inhibition contained in the section of the Constitution quoted was violated by the enactment of the special or local law," etc. It may be that the act is unconstitutional for other reasons, but as to this we do not decide. The act being void, it follows that the special tax in question was improperly levied, assessed, and collected; and that appellant is entitled to recover back the amount which he had thus paid into the county treasury, and which the treasurer testifies he now holds in his official capacity.

The next question is, has appellant pursued the proper course and remedy to recover it? If it was the duty of the county treasurer to pay the warrant when presented for payment, then appellant has pursued the proper remedy, though it may be he had others—as to which we intimate no opinion, because unnecessary. It is sufficient that the one pursued is proper; it is not necessary that it be the exclusive one. The action is summary, and is brought under section 5938 of the Code. which reads as follows: "If any county treasurer fail, on demand, and without good excuse, to pay an allowed claim against the county, when there are funds in the

[Norwood v. Goldsmith, Treasurer, et al.] .

treasury to pay the same, judgment may be obtained against him and his sureties, or any or either of them, on five days' notice, on motion in the circuit court of the county, in the name of the party to whom the claim is payable, his legal representatives, or assigns, for the amount of the claim, with interest from the time of the demand, and 10 per cent. damages and costs." Every requisite and condition in the statute necessary to the judgment for movant, being alleged, and proven without dispute, it should have been so rendered for him unless the treasurer was shown to have had "a good excuse" for such failure. The excuses pleaded by him were as before stated, in short, first, that the warrant was issued without authority of law, in this: That the local act in question had not been declared void in an appropriate proceeding by a court of competent jurisdiction before the warrant was issued; and, second, that there was no duty on the treasurer to pay the warrant until the local act was so declared to be void. The facts stated in the pleas or answers were nothing more than the facts contained in the petition, and which, of course, were conceded, with the two conclusions of law as above stated in substance. They were therefore, in legal effect, not pleas or answers, but demurrers. In fact the same defenses were first interposed as demurrers; but as in the case of the demurrer to the answer, the court seems not to have passed upon them, and to have tried the case, not upon the demurrers to the motion or pleas, and not upon the isues raised by the special pleas or answer above noted, but upon the motion alone. The judgment entry is as follows: "Now come the parties by their attorneys, and issue being joined upon the motion," etc. The facts being undisputed, and, as alleged in the petition, the trial court must have decided the case upon the theory that the treasurer

[Norwood v. Goldsmith, Treasurer, et al.]

was shown to have had a good excuse for his refusal to pay. If so, in this, the court was in error; nor can we find from this record any other valid reason to support the judgment of the court.

It was the purpose of the two acts, now appearing as article 16, c. 45, of the Code (being sections 2340-2347), to authorize and to provide the mode and remedy by which taxes that have been erroneously paid, or paid under mistake of law or of fact, or under color of law merely, might be refunded to or recovered back by the taxpayer from whom such taxes were so wrongfully collected. Sections 2340-2344 provide only as to those taxes paid through mistake or error in the assessment or collection; and sections 2345-2347, as to those paid under mistake of law or of fact, upon assessments made under color of law. Such were the taxes here in question. It will be observed that state taxes, and those paid into the general fund of the county, cannot be recovered back under the last provisions, but may be, under the first. No matter to which class the taxes belong, nor into what coffers they find their way, whether state, county, or municipal, the taxpayer must first present his claim therefor to the proper authorities for allowance or payment; and, if allowed, a proper warrant, voucher, or order issued, directing the proper officers to pay it out of such fund into which it was covered; and this voucher or warrant serves as a receipt to the treasurer or paying officer. The taxes in this case were paid into a special county fund, and not into the general fund, and were paid "under a mistake of law, upon an illegal assessment made under color of law," consequently they fall clearly within the provisions of the act. The taxpayer in this case presented his claim, as directed by the statute, to the only proper authority and only authority that could allow it. It was so audited

and allowed, and a warrant was drawn upon the treasury for the proper amount, as was authorized and provided by law. The treasurer refused to pay it, contrary to law, which was a breach of his official duty, and for which the statute expressly authorizes a summary judgment against him and his official sureties.

It is here insisted by appellee Goldsmith that appellant cannot proceed against him as treasurer until he has first had the local law, under which the taxes were paid, collected, and held, declared void in a proper proceeding by a court of competent jurisdiction; that neither he nor the board of revenue can pass upon the constitutionality of the local act. A complete answer to this, though in the inverse order, is that both he and the board of revenue have already passed upon the constitutionality of the act—one holding it valid, and the other, void—and that he has brought this, a "proper proceeding," in a court of competent jurisdiction to so test the constitutionality of such act.

All persons or officers are of necessity required to pass upon the validity of all acts or proposed statutes under which they are required to act or to decline to act. In so acting or declining to act under such proposed statute he must necessarily pass upon it for himself. He may do so with or without advice from attorneys or other sources of information. But courts are the one source from which he can get no information, in advance. as to whether he should, in any particular instance, observe or decline to observe the requirements of the proposed act or statute. Every executive officer, or every person as for that matter, is presumed to know the law—a presumption often violent but always necessary. Hence every man is his own constructionist. If two differ as to the construction of a given act, and it is acted upon or declined to be acted upon by the one,

to the hurt or injury of the other, and the one is sued in the courts by the other for so acting or declining to act, and in the decision of the cause it becomes necessary to pass upon the validity of the act in order to determine the rights of the parties in that suit, the court will then—but not until then—pass upon the constitutionality of the act; and it is then only passed upon by the court in so far as the rights of these particular parties to the particular suit are concerned. When so decided by the highest court of the land all people, including executive and judicial officers, ought and usually do consider that particular question as settled and binding; but this is only so by the rules of policy, propriety, and common consent, and the credence which the people have in the opinions of such courts. A federal court a long time ago spoke upon this subject as follows: "In giving effect to the statutes of the state, where there is no conflict with the federal Constitution, the courts of the Union follow implicitly the rule established by the Supreme Court of the state. This is done, not on the ground of authority, but of policy. It would be injurious to the citizens of a state, to have two rules of property. Such a course, by the courts of the Union, would produce unfortunate conflicts and encourage litigation. To avoid this, as a matter of policy, the courts of the United States follow the state courts, in the construction of their statutes. So far has this been carried that the Supreme Court of the United States has reversed its own decision, made in acordance with the state decisions, in order to conform to a change of decision in the Supreme Court of the state in the construction of its statutes; and I trust that no circumstances will ever induce the Supreme Court of the Union to reverse this course of decision. There are but few cases in which, under the federal

Constitution, the Supreme Court of the Union establishes the rule of construction for the state courts. Where one such case occurs, there are more than five hundred cases where the courts of the Union follow the state courts. If individuals and courts shall disregard judicial authority, and carry out their own peculiar views of our Constitution and laws, the harmony of our system of government must be destroyed, and the law of force must become the arbiter of rights."—*Woolsey v. Dodge, Treas., et al.,* 6 McLean, 150—151, Fed. Cas. No. 18,032.

It is the judgments only, and not the opinions of courts, that are binding, and they are binding only upon the parties or their privies thereto, and upon them, only as to the matters which were or ought to have been litigated and adjudicated in that suit. An unconstitutional statute or void act is just as if it had never been. Rights cannot be acquired under it: contracts and agreements depending solely upon it are void and of no effect; it can protect no one, and no one can be punished or required to respond in damages for refusing obedience to it.—Cooley's Const. Lim. p. 259; Am. & Eng. Enc. vol. 6, p. 1091; *Norton v. Shelby County,* 118 U. S. 426, 6 Sup. Ct. 1121, 30 L. Ed. 178. It is likewise insisted by appellee that the commissioners' court or board of revenue had no right to construe or to hold unconstitutional the local law, as in this matter it acted in an executive, and not in a judicial, capacity; that it therefore had no authority to issue the warrant when it was so issued; that the act should have first been judicially declared void before the board was invested with authority to act in the matter.

The writer of this opinion concurred in the conclusion to an affirmance in that case, but then dissented as to the construction placed on the statutes, which

conferred the powers and imposed the duties upon the officers in this matter; and, for the reasons then and above expressed, cannot accede to this argument or to such construction of these statutes. It was unquestionably the duty of the board of revenue to either allow or disallow the claim when properly presented. To allow or to disallow it was necessarily to pass upon the constitutionality of the act. The board must have the authority to do that which the law requires it to do. No means are provided by which it could first have another court pass upon the constitutionality of the act, before passing upon the claim. It could advise with its or the county's attorney; if either had such, that was as much as it could do. No court could or would in advance instruct the board what to do in the premises. It could have disallowed the claim and declined to issue the warrant, and then the claimant could have sued the county, and a court would then first have passed upon the question; but if the act was void, then it was the duty of the board to do what it did, and, it having so acted, the claimant cannot sue the county, but must sue the treasurer who has wrongfully refused to pay his warrant. This court has often pointed out the proper proceeding and practice in such cases.

In a per curiam opinion in the case of *Elmore County v. Long & Zeigler,* 52 Ala. 277, this court had the following to say: "It appears from the complaint that the claim against the county on which suit is founded had been audited and allowed by the court of county commissioners without reduction or abatement. Such claims are not the subject of suit against the county.— *Marshall County v. Jackson County,* 36 Ala. 613; *Covington County v. Dunklin & Steiner,* in MS (52 Ala. 28). If the court of county commissioners do not levy

a tax, so far as they have the power, to pay such claim, they will be compelled to do so by mandamus. If they have exercised their power, and the county treasurer does not pay the claims in their proper order, the statute furnishes an adequate remedy against him and his sureties.—Rev. Code, § 930." Section 930 of the Code there referred to is now section 5938 of the Code under which this suit is brought.

The federal court has also spoken as follows upon the subject: "No suit can be sustained against a state; but an unconstitutional law affords no justification to a state officer for an act injurious to an individual. The officer is not the state, and can set up no exemption under it, unless he act within the authority of law. But the judiciary cannot exercise a revisory proceeding over executive duties. In carrying a law into effect, the executive must necessarily construe it, and it is not for this or any other court to say that there is error in the construction, and a different course must be pursued. It is true, if an act be done without the authority of law, the individual that acts is responsible; and, where the mischief would be irremediable, an injunction may be interposed. But, it is only in such a case that the judicial power could be exerted. In all matters of discretion, and in regard to the forms of proceeding, it is clear that executive acts cannot, in any form, be drawn in question by the judicial power. This power is limited to cases where by the exercise of the executive functions an injury is done to an individual; and in such cases there is a remedy at law."—*Astrom et al. v. Hammond, Auditor*, 3 McLean, 110, Fed. Cas. No. 596.

It has often been decided by this court that "county warrants import a prima facie, though not a conclusive, liability against the county. The warrant is a mere command or order from one public county officer to an-

other to pay from the county funds as therein directed.
Strictly speaking, no action can be maintained upon
the warrants against the county, or any officer or per-
son. If the treasurer has funds in his hands lawfully
applicable to the payment of the warrant, it is his of-
ficial duty to pay it; but he is not bound by virtue of
any contractual obligation as a party to the instru-
ment. For his wrongful refusal to pay he is liable of-
ficially, and, being liable officially, his official bonds-
men are also liable. The action, however, is not on the
warrant, but is for a breach of his official duty.—*Savage
v. Mathews,* 98 Ala. 535, 13 South. 328; *Grayson v.
Latham,* 84 Ala. 546, 4 South. 200, 866. No action can
be brought against a county on a claim until it has
been presented to the court of commissioners, as re-
quired, and until it is disallowed or reduced by the
court, and the reduction refused by the claimant.—
*Looney v. Jackson Co.,* 105 Ala. 597, 17 South. 105."
*State ex rel. Norwood v. Goldsmith,* 162 Ala. 171, 50
South. 396.

It follows that the judgment appealed from is errone-
ous and must be reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ.,
concur.

McCLELLAN, J.—I concur in the conclusion on
this appeal on the ground that the appellant had the
right to elect whether he would invoke mandamus to
compel the county treasurer to pay the warrant in
question, validly issued as it clearly was, out of the
funds so illegally gathered, or to proceed summarily,
as was done in this instance, against the officer and his
sureties as for the breach of his official duty to pay the

warrant.—*Wyker v. Francis,* 120 Ala. 509, 519, 24 South. 895, et seq. The reasoning and authorities in *Wyker v. Francis* are, in my opinion, conclusive on the question that mandamus is an available remedy in cases of the character in hand. In consequence of the rulings made in the opinion in this case and upon the considerations referred to in *Wyker v. Francis,* it appears clear to the writer that *State ex rel. Norwood v. Goldsmith, County Treasurer* 162 Ala. 171, 50 South. 394, and *Hines v. Salter,* 154 Ala. 248, 45 South. 587, are not only in conflict with the opinion on this appeal but also are unsound and should be overruled. It was ruled in the former case, denying the writ of mandamus prayed, that the remedy at law was adequate. *Wyker v. Francis,* at page 523, 120 Ala., at page 895, 24 South., contains a full answer to this proposition. Indeed, it is too evident for doubt that the legal remedy as for misfeasance of the officer is in no sense the substance or effect of the remedy mandamus offers to compel the payment out of funds held by the county.