# McWhorter *v.* Lowndes County.

## Action to Recover Taxes.

(Decided June 17, 1910.  52 South. 750.)

*Statutes; General and Special; Local Acts; Validity.*—Under the provisions of section 105, constitution 1901, local acts 1907, p. 684, must be held unconstitutional since at the time of its passing there was in effect a general law conferring authority upon the commissioner's court to levy special taxes for the construction of public roads, etc.  See acts 1903, p. 307 and 414.

APPEAL from Lowndes Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Action by R. S. McWhorter against Lowndes County to recover certain moneys paid under a special levy for roads, etc.  Judgment for defendant and plaintiff appeals.  Reversed and remanded.

TYSON, WILSON & MARTIN, for appellant.  The special act to provide for the improvement of public roads of Lowndes County, is unconstitutional for the reason that there is a general statute authorizing commissioner's courts and boards of revenue to levy a special tax for the improvement of roads.  The Act is violative of section 105, Constitution 1901, and moneys paid under it may be recovered.—*City Council of Montgomery v. Weedon*, 149 Ala. 188; Sec. 2345, et seq., of the Code.

[McWhorter v. Lowndes County.]

R. L. GOLDSMITH, and A'. SCOTT SAYRE, for appellee.
No brief came to the Reporter.

EVANS, J.—This is a suit by R. S. McWhorter
against Lowndes county to recover certain moneys paid
by said R. S. McWhorter to the tax collector of Lown-
des county during the years 1908 and 1909, by virtue of
an assessment made under the provisions of an act en-
titled "An act for the improvement of the public roads
of Lowndes county," approved August 2, 1907.—See
Loc. Acts 1907, p. 684.

The contention of the plaintiff below, appellant here,
is that the act above mentioned is unconstitutional and
void, for the reason that the said statute is a local one,
and that at the time of its passage there were two gen-
eral laws conferring authority upon the court of county
commissioners or other governing body of like jurisdic-
tion, to levy and collect special taxes for the erection
construction, or maintenance of public buildings,
bridges, or roads, not.to exceed one-fourth of 1 per cent.
to be applied exclusively for the purposes for which they
are so levied, collected, etc. (Gen. Acts 1903, pp. 307 and
414) ; and that such general laws being in existence at
the time of the passage of the local law assailed, and con-
ferring jurisdiction upon the board of revenue of Lown-
des county to levy the tax that was levied under the leg-
islative act under consideration; that said local act was
in violation of section 105 of the Constitution, which
provides that "No special, private or local law, except
a law fixing the time of holding courts, shall be enacted
in any case which is provided for by a general law, or
when the relief sought can be given by any court of this
state; and the courts, and not the Legislature, shall
judge as to whether the matter of said law is provided
for by a general law, and as to whether the relief sought

can be given by any court nor shall the Legislature indirectly enact any such special, private, or local law by the partial repeal of a general law."

The constitutionality of the act in question has already been passed upon by this court in the case of *Joseph Norwood v. Robert L. Goldsmith, as treasurer of Lowndes county*, 162 Ala. 171, 50 South. 394. It was held to be unconstitutional and void, as violative of said section 105 of the Constitution.

The above question being the only one raised by the assignment of error and the argument of counsel, upon the authority of said case of *Norwood v. Goldsmith*, the said local act, under and by virtue of which the assessment and collection of the tax here in question was made, is held to be unconstitutional and void. We therefore hold that the trial court erred in giving the affirmative charge asked by defendant, and in refusing to give the affirmative charge requested by plaintiff.

Reversed and remanded.

ANDERSON, MAYFIELD, and SAYRE, JJ., concur.