# Brown, Treas. *v.* Gay-Padgett Hardware Co.

## *Mandamus.*

(Decided April 23, 1914. Rehearing denied June 4, 1914. 65 South. 333.)

1. *Mandamus; Payment of Warrant; Statutory Remedy.*—The remedy to compel a treasurer to pay county warrants issued by the probate judge of the county under proper authority is by a summary proceeding under section 5938, Code 1907, and mandamus will not lie.

2. *Statutes; Construction; Re-enactment.*—Where a statute has been judicially construed, and is re-enacted without change, such re-enactment is equivalent to an adoption of such construction of the statute.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Mandamus by the Gay-Padgett Hardware Company, to require Dallas Brown as county treasurer, to pay certain county warrants. From an order granting relief Treasurer Brown appeals. Reversed and remanded.

JOHN F. PROCTOR, for appellant. The county had already incurred a debt of more than the constitutional allowance, and the claims here sought to be paid are debts attempted to be created against the county in contravention of § 234, Constitution 1901, and the court was in error in granting the petition.—*Gunter v. Hackworth,* 62 South. 101.

BOULDIN & WIMBERLY, for appellee. Mandamus is the proper remedy.—26 Cyc. 312; *Wycher v. Francis,* 120 Ala. 509; *Ex parte Campbell,* 130 Ala. 182. The summary remedy is the technical statutory proceeding not adapted to give the warrant holder the relief to which he is entitled.—*Warwick v. Brooks,* 70 Ala. 412; *Chandler v. Reid,* 114 Ala. 390; *State, ex rel. Brickman v. Wilson,* 123 Ala. 359. The decision in *Gunter v. Hackworth,* 62 South. 101, should be reconsidered, and the constitutional provision given a more liberal meaning than accorded it in that case.—4 Words & Phrases, 3527; *State v. Thompson,* 142 Ala. 98; *Simpson v. Lauderdale Co.,* 56 Ala. 64. A county which has reached the debt limit may incur by contract or by operation of law any liability it could otherwise incur provided it has funds in the treasury to meet them as they accrue, or if it can raise by taxation during the current year a sufficient sum to discharge such liability.—McQuillan Mun. Corp. 2219; 106 Ga. 713; 136 Ga. 301; 197 Pa. St. 41; 155 Ind. 70; 110 Ia. 196; 144 Mass. 177; 33 L. R. A. 1080.

[Brown, Treas., v. Gay-Padgett Hardware Co.]

MAYFIELD, J.—Appellee applied to the circuit court for a writ of mandamus, to be directed to appellant, as county treasurer for Jackson county, commanding and requiring him to pay certain warrants issued by the probate judge of Jackson county in pursuance of an order of the commissioners' court of said county. These warrants were issued to various holders for various claims against the county. One claim was for road tools, supplies, and materials, furnished pursuant to a prior order of the court setting apart $300 to pay for such tools and supplies so furnished. One of the claims was for the salary of the keeper of the county poorhouse, another was for fees or compensation due the sheriff for obtaining from the internal revenue collector the names of persons to whom had been issued federal licenses to sell liquors, and still another was for a book or filing case furnished to the office of the probate judge of said county.

It is averred that all of these claims have been duly allowed by the commissioners' court, and that the warrants were issued, in pursuance of such allowance, upon the county treasurer, commanding him to pay the amount named in each to the holder thereof. It is also shown that all of said claims and warrants have been duly assigned and transferred to the petitioner, and by him severally presented to the county treasurer for payment, and that payment thereof was refused. It will be noticed that some of these claims or demands allowed, and for which warrants were issued, were claims against the general fund of the county, and that some were claims or demands against a special fund set aside for that purpose. The petition for mandamus alleges that payment of each was refused upon the sole ground that:

"They were debts sought to be created or sought to be incurred against the county, and at the time they

were so created or incurred the county was indebted in such a sum that it was not and is not now empowered to incur or contract any indebtedness whatever, because the prior indebtedness of said county exhausted the debt limit fixed by section 224 of the Constitution of Alabama."

It is not necessary or proper for us to now pass upon this question, for the reason that since the passage of the statute (section 5938 of the Code) providing summary remedies against county treasurers, it has been uniformly held by this court that mandamus will not lie to compel a county treasurer to pay county warrants which are presented to him, even where there is money in the treasury subject to their payment. This question was first decided squarely in the case of *Arrington v. Van Houton,* 44 Ala. 284. In that case, speaking of registered claims, it is said:

"These claims are each required to be presented to the county treasurer, and registered and numbered as prescribed by law. This is required of all claims which are allowed and authorized to be paid by the county treasurer.—Rev. Code, § 926, cls. 2, 3. And after they are so presented, registered, and numbered, they become and are allowed claims against the county treasurer, and when there are funds in his hands, out of which they are authorized to be paid, he becomes bound to pay them, as required by law. If he fails to do this, upon demand, he may be sued at law for the same, by notice and motion against him and his sureties, and judgment obtained against them in the name of the party to whom the claim is payable, his legal representatives, or assigns, for the amount of the claim.—Rev. Code, §§ 930, 4343, 4222, 5221. This affords a sufficient remedy at law, without the necessity for resort to the extraordinary remedy of mandamus. When this is the

case, a mandamus will be denied, as there is another specific and sufficient remedy provided by law.—*Tarver v. Commissioners' Court of Tallapoosa County,* 17 Ala. 527; *Ex parte Robbins,* 29 Ala. 71; Shep. Dig. p. 696."

In the case of *Speed v. Cocke,* 57 Ala. 209, the same doctrine and practice was announced. In that case it was said:

"If, as the petition avers, the county treasurer had disregarded the order of registration of the claim of the relator, paying other claims in preference to it over which it was entitled to priority of payment, and the validity of the claim was conceded, the statute provides a speedy remedy for the recovery of judgment against him and his sureties for the amount of the claim, interest and damages.—R. C. § 930. Mandamus to compel him to pay is not an appropriate remedy.—*Arrington v. Van Houton,* 44 Ala. 284."

In the case of *Hines v. Salter,* 154 Ala. 248, 45 South. 587, the same doctrine was confirmed, and the former cases were cited and reaffirmed. In the later case of *Norwood v. Goldsmith,* 162 Ala. 171, 50 South. 394, all the cases were reviewed at some length. Therein the same doctrine was adhered to, the writ of mandamus being denied, and the petitioners remitted to the summary action under the statute. And a recovery was had in such action, the treasurer appealing from the judgment, and the judgment, on appeal, being affirmed by this court.—168 Ala. 224, 53 South. 84. On this appeal Justice McClellan wrote a concurring opinion in which he expressed views contrary to the trend of the above cases; he being of the conclusion that *Wyker v. Francis,* 120 Ala. 509, 24 South. 895, stated the true rule, and that mandamus would lie to compel a county treasurer to pay valid warrants, that the summary remedy afforded by the statute was merely concurrent, and

that the holder of the warrant could elect to apply for mandamus or to proceed under the statute. The opinion does not show that any of the other Justices concurred in the view of Justice McClellan. The question as to whether mandamus would lie, in such a case, was not an issue on the last appeal in which Justice McClellan wrote a concurring opinion. The contrary was not decided on that appeal. But on the first appeal in that case (162 Ala. 171, 50 South. 394) the question was squarely presented, and flatly decided, and the writ of mandamus was denied on the ground that the summary proceeding provided by the statute against the county treasurer afforded speedy, complete, and adequate remedy, and hence that mandamus would not lie to compel the payment of the warrant. Norwood then proceeded under the statute, as suggested in the opinion, and obtained the desired relief, and, the treasurer appealing, the summary judgment was affirmed.

The case of *Wyker v. Francis,* 120 Ala. 509, 24 South. 895, relied upon by Justice McClellan, is readily distinguishable from *Norwood v. Goldsmith,* and the cases there followed. *Wyker v. Francis* was a proceeding against the treasurer of the city of Decatur, and not one against a county treasurer. The summary proceeding against county treasurers (section 5938 of the Code) was not applicable to that case. The cases which deny mandamus against county treasurers base the denial solely upon the summary proceeding which renders relief by mandamus unnecessary. So nothing could have been decided in *Wyker v. Francis* contrary to what we now decide, though there may be some dicta therein supporting the views of Justice McClellan.

The construction which we place upon the statute (section 5938 of the Code) was placed on it when it was a part of the Code of 1867, and the provision has been

repeatedly re-enacted, with this construction. We do not now feel willing to depart from this confirmed interpretation. These decisions and re-enactments are tantamount to a statute expressly declaring that mandamus will not lie in such cases.

It therefore follows that the circuit court erred in awarding mandamus in this case. The petitioner should have been remitted to its summary action under the statute, as was done in the cases of *Norwood v. Goldsmith, supra, Hines v. Salter, supra,* and *Arrington v. Van Houton, supra.*

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.